## CARLISLE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1912.)

No. 1,041.

1. CRIMINAL LAW (§ 1050*)—APPEAL—NECESSITY OF EXCEPTIONS—INDICTMENT —MOTION TO QUASH.

Denial of a motion to quash an indictment cannot be reviewed, in the absence of an exception noted to the ruling at the time it was made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2656, 2658, 2660; Dec. Dig. § 1050.*]

2. CRIMINAL LAW (§ 1149*)—INDICTMENT—MOTION TO QUASH—REVIEW.

A motion to quash an indictment is addressed to the discretion of the court, and the denial thereof will not be reviewed in the appellate court, except where there has been such failure to properly exercise judicial discretion as to cause real injustice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3039–3043, 3058; Dec. Dig. § 1149.*]

3. CRIMINAL LAW (§ 322*)—RETURN—PRESUMPTION.

Where an indictment has been regularly returned into open court, it will be presumed that the grand jury and other officials properly discharged their respective duties with reference thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 728; Dec. Dig. § 322.*]

4. CRIMINAL LAW (§ 721*)—TRIAL—ARGUMENT OF COUNSEL.

The rule that a district attorney shall not refer in his argument to defendant's failure to testify in his own behalf does not prevent argument amounting only to a claim that the government had made out a prima facie case, which had not been contradicted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. § 721.*

Comments of counsel and instructions on failure of accused to testify, see note to McKnight v. United States, 54 C. C. A. 373.]

5. CRIMINAL LAW (§ 1055*)—TRIAL—APPEAL—EXCEPTIONS AT TRIAL.

Alleged improper argument by the district attorney to the jury cannot be reviewed, where no exception was taken to a ruling of the trial judge on the objections interposed at the time the argument was made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2666, 2667; Dec. Dig. § 1055.*]

6. CRIMINAL LAW (§ 728*)—APPEAL—NEW TRIAL.

An assignment of error, based on the refusal of the trial judge to grant a new trial because of alleged improper argument by the district attorney, first suggested after the rendition of the verdict, will not be sustained in the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1689–1691; Dec. Dig. § 728.*]

In Error to the District Court of the United States for the District of South Carolina.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Milton A. Carlisle was convicted of violating the National Banking Act, and he brings error. Affirmed.

Fred. H. Dominick and Cole L. Blease, for plaintiff in error.
Ernest F. Cochran, U. S. Atty.

Before GOFF and PRITCHARD, Circuit Judges, and McDOWELL, District Judge.

GOFF, Circuit Judge. The plaintiff in error was convicted in the court below on. an indictment containing 162 counts, charging violations of sections 5208 and 5209, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3497). The first count charges that he, as president of the National Bank of Newberry, in the district of South Carolina, misapplied certain money of that bank by means of a check drawn by him on his general account as a depositor. The counts from 2 to 73, inclusive, are founded on other checks of his, drawn on the same account, payable to other parties, of various dates and amounts. Counts 74 to 93, inclusive, charge similar misapplication by means of checks drawn by him on said bank, on a different account, payable to a number of payees, of various dates and amounts. Counts 94 to 146, inclusive, are based on checks drawn by the plaintiff in error as president and treasurer of the Cold Point Granite Company, and paid by the bank. Counts 147 to 151, inclusive, charge him with misapplying the funds of the bank by means of certain notes and checks specially described in said counts. Counts 152, 153, and 154 relate to certain drafts of the Cold Point Granite Company, drawn on separate drawees, charged as being worthless, paid by the bank, whereby its money was misapplied. Counts 155 to 160, inclusive, charge the defendant below with misapplying various sums of money, by turning the same over to said Cold Point Granite Company, under the guise of loans by means of worthless notes, and by collecting various sums of money from different parties which was misapplied. Counts 161 and 162 are based on section 5208, as amended by Act July 12, 1882 (22 Stat. 166), in which he is charged, as president of said bank, with certifying checks drawn by a depositor, when the amounts of such checks were not to the credit of such party on the books of the bank.

The defendant below was convicted on five counts of said indictment, viz., 152, 153, 154, 159, and 160, and was sentenced by the trial judge to be imprisoned in the United States Penitentiary at Atlanta, Ga., for the term of five years.

[1] When the case was called for trial in the court below, the attorneys for the plaintiff in error moved the court to quash the indictment on the following grounds:

"On account of the numerous counts contained therein, that being that the indictment was handed the grand jury on October 21, 1909, and was returned by them on the same day marked 'True Bill,' the indictment containing 162 distinct and separate counts, composing 342 closely typewritten pages, and that consequently it was a physical impossibility for the jury to have read this indictment or to have taken sufficient testimony upon each of the separate counts to have intelligently formed a basis for the return of a true bill.

"Furthermore, because it is burdensome beyond question and hardly possible for any petit jury to take this indictment and take the testimony that

will be necessary, the verbal testimony and the written testimony that will be necessary, and to distinguish at one time between these different counts, and to form an intelligent opinion upon which the defendant should be convicted, and upon which he should be acquitted, and therefore the natural prejudice will lean against the defendant for the jury to write either a sweeping charge one way or the other, without a proper and intelligent consideration of the different counts in this indictment, and

"Furthermore, because the defendant in this court, or in any other court, with an indictment like that presented against him, it is hardly possible for him to prepare his defense in such a way as to present to a jury the testimony necessary to explain all of these counts, and that therefore it is burdensome, and it is an unnecessary hardship, and almost reaches the point of torture, to hand out an indictment of that kind against any man, and compel him to come into a court of justice and attempt to make answer before a jury. We take the position that this indictment should have been separated, and that this man should have been indicted only in one indictment, under such transactions as connect him with the different allegations thereof."

In reply to this motion, and argument of counsel thereon, the court below remarked:

"It does not seem to me that there is sufficient legal ground to quash the indictment, and the motion is denied."

Really that is all that it is necessary to say on this motion. The court in a few words properly disposed of the question presented for its consideration, and to this ruling it is well to here notice that no exception was taken. As we understand the record, all the points now presented to this court by the plaintiff in error were raised by him either on the motion to quash or the motion for a new trial, and we are unable to find that any exception was noted at the time to the ruling of the court. The object of an exception is to challenge the correctness of the court's ruling, and to permit the trial judge, when his attention has been specially called to the alleged error, to correct his disposition of the matter, should he deem it proper so to do, and in case he does not do so to provide a method for review in the appellate court. Such an exception is absolutely indispensable under the practice in the courts of the United States.

[2] A motion to quash an indictment is addressed to the discretion of the court, and will not be reviewed in an appellate court, save only in cases where there has been such failure to properly exercise the judicial discretion as to cause real injustice. In the case we now consider we are unable to conceive how the court below could have decided other than it did. The questions involved were not new, but had in fact been disposed of by repeated decisions of the courts, among others, Pointer v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; Ingraham v. United States, 155 U. S. 434, 15 Sup. Ct. 148, 39 L. Ed. 213; Gardes v. United States, 87 Fed. 172, 30 C. C. A. 596; Morse v. United States, 174 Fed. 539, 541, 98 C. C. A. 321, 20 Ann. Cas. 938.

[3] The indictment had been regularly returned in open court, and the presumption is that the grand jury, the court officials, and the court properly discharged their respective duties. Nothing to the contrary appears; the only suggestion of impropriety being found in the brief and argument of counsel.

[4] The contention of counsel for the plaintiff in error that the argument of the district attorney to the jury can be construed as a reference to the failure of the defendant below to testify in his own behalf is not supported by the facts as they appear in the record. In substance, the words complained of amounted to the claim that the government had made out a prima facie case, which had not been contradicted. The rule that the prosecution shall not comment on the failure of the accused to testify should not prevent an argument that the evidence of the government is uncontradicted or unexplained.

[5] In addition to this, it is well understood that, before such remarks can be considered in an appellate court, they must be brought to its attention by an exception taken to the ruling of the trial judge on an objection interposed at the time the argument was made. No such suggestion was made, nor was the attention of the court called to the matter. If the remarks of the district attorney were objectionable, defendant's counsel should have called the attention of the court to them, with the request that it interpose and caution the jury to disregard them.

[6] An assignment of error, based on the refusal of a trial judge to grant a new trial because of a complaint of this character, first suggested after the rendition of a verdict, will not be sustained in an appellate court. Crumpton v. United States, 138 U. S. 361, 11 Sup. Ct. 355, 34 L. Ed. 958; Chadwick v. United States, 141 Fed. 225, 246, 72 C. C. A. 343; Higgins v. United States, 185 Fed. 710, 108 C. C. A. 48.

Because of the fact that the liberty of the plaintiff in error was involved, we, as we were authorized under our rule to do, permitted and asked counsel to present fully the points relied upon by the plaintiff in error to show error in the rulings of the court below; the result being an absolute failure to justify the contentions presented to this court. There is no merit in any of the assignments of error. It is well that, under all the circumstances surrounding this case, the record is found to be without a flaw, that no error appears in it. The plaintiff in error was given a fair, patient, and impartial trial, was protected by all the formalities of the law, and was by a jury of his country found guilty of the offenses with which he was charged. It would be a travesty on justice, in the light of the record we have before us, to reverse the judgment of the court below.

Affirmed.