## WILLIAM A. ENSIGN *v.* COMMONWEALTH OF PENNSYLVANIA.

## CHARLES A. ENSIGN *v.* SAME.

### ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

Nos. 123, 124.  Argued January 20, 1913.—Decided February 24, 1913.

The Fifth Amendment is not obligatory upon the States or their judicial establishments, and regulates the procedure of Federal courts only.  *Twining* v. *New Jersey*, 211 U. S. 78.

A violation of defendant's rights under a provision in the state constitution which is identical to one in the Federal Constitution which is only obligatory on the Federal courts, does not infringe a Federal right.

The word "testimony" more properly refers to oral evidence than to documentary, and it is reasonable that a distinction should be made between the two.

The prohibition in § 9 of the Bankruptcy Act of 1898 against offering testimony given by the bankrupt in accordance with the provisions of that section as evidence in any criminal proceeding applies only to the testimony and not to the schedules referred to therein.

Rev. Stat., § 860, prohibiting the use of a pleading of a party or discovery of evidence by judicial proceeding against him in a criminal proceeding, while in force, was limited by its own terms to proceedings in the Federal courts and does not apply to one in the state court.

Evidence showing the results of an expert examination of the bankrupt's books is not "testimony" within the meaning of § 9 of the Bankruptcy Act of 1898.

*Quære*, and not necessary to determine in this case, whether the prohibition in § 9 of the Bankruptcy Act against using testimony of the bankrupt is not limited to criminal proceedings in the Federal courts and does not apply to such proceedings in the state courts.

228 Pa. St. 400, affirmed.

THE facts, which involve the question whether schedules filed by the bankrupt are, under the Fifth Amendment to

the Federal Constitution and the provisions of the Bank-ruptcy Act, admissible in a criminal trial of the bankrupt in the state court, are stated in the opinion.

Mr. *John B. Brooke*, with whom Mr. *Charles H. English* was on the brief, for plaintiff in error:

The statement made by the accountant, from the books of the bank, which had been turned over to the trustee in bankruptcy, was improperly admitted.

If a bankrupt obeys the Bankruptcy Law, he will file schedules and turn over his books and papers to the trustee and obey all other lawful orders of the referee. If he does not do these things as directed by the United States statute and general orders made by the United States Supreme Court for the government of bankrupts, he can be declared in contempt of court and imprisoned, and when the United States law compels an individual to file schedules and turn over his books and papers, the use of these schedules and these books against him in a crim-inal trial is a violation of his rights under the Constitution of the United States and the constitution of the State of Pennsylvania. Amendment V of the United States Con-stitution; *Matter of Fellerman*, 17 Am. Bankr. Reps. 785; *Jacobs* v. *United States Circuit Court of Appeals, First Cir-cuit*, 161 Fed. Rep. 694; *United States* v. *Marsh Chambers*, 13 Am. Bankr. Reps. 708; *Boyd* v. *United States*, 116 U. S. 616, 752; *Johnson* v. *United States*, 163 Fed. Rep. 30; *Cohen* v. *United States*, 170 Fed. Rep. 715; *Burrell* v. *State of Mon-tana*, 194 U. S. 572.

Mr. *W. Pitt Gifford*, with whom Mr. *J. Orin Wait* and Mr. *U. P. Rossiter* were on the brief, for defendant in error:

Generally speaking, and in the absence of statutory regulation on the subject, testimony and written state-ments, voluntarily given or made by a party or witness in

a judicial proceeding, are, as admissions and confessions, competent against him on the trial of any issue in a criminal case to which they are pertinent; and statements made by a party in a judicial inquiry are considered voluntary, if he might have objected to answering on the ground that it would incriminate him, and failed to do so. Wharton's Crim. Evidence, § 664; 1 Roscoe, Crim. Evidence, 8th ed., pp. 82, 245; 1 Greenleaf on Evidence § 225; *Williams* v. *Commonwealth*, 29 Pa. St. 102; *Hendrickson* v. *People*, 10 N. Y. 13; *Commonwealth* v. *Reynolds*, 122 Massachusetts, 454; *Vermont* v. *Duncan*, 4 L. R. A. (N. S.) 1144 n.; *People* v. *Wieger*, 100 California, 352; *People* v. *Arnold*, 40 Michigan, 710; *Abbott* v. *People*, 75 N. Y. 602; *Commonwealth* v. *Doughty*, 139 Pa. St. 383; *Commonwealth* v. *House*, 6 Pa. Super. 92; *Burrell* v. *Montana*, 194 U. S. 572.

A written statement of the defendant, when prepared deliberately and seriously, is not only admissible in evidence against him, but is of weight proportioned to its pertinency. Wharton's Crim. Evidence, § 643, 8th ed.; 1 Greenleaf, § 215, Lewis's ed.

That bankrupts situated as these plaintiffs in error were, might have refused to answer, on the ground of self-incrimination, has been expressly ruled. *Counselman* v. *Hitchcock*, 142 U. S. 547; *Re Nachman*, 8 Am. Bankr. Reps. 180; *In re Feldstein*, 4 Am. Bankr. Reps. 32; *In re Welsh*, 4 Am. Bankr. Reps. 693; *In re Henschell*, 7 Am. Bankr. Reps. 207; *In re Shera*, 7 Am. Bankr. Reps. 552; *In re Smith*, 7 Am. Bankr. Reps. 213; *In re Kanter*, 117 Fed. Rep. 356; *United States* v. *Goldstein*, 132 Fed. Rep. 789. No distinction is to be found, in principle, between refusing to answer questions or give testimony as required by § 7a of the Bankruptcy Act, on the ground of self-incrimination, and refusing to file schedules or turn over books of accounts as required by the same section of the Bankruptcy Act on the ground of incrimination.

While upon an application to compel a bankrupt to produce his books and deliver them to his trustee, the plea of constitutional privilege must prevail, yet he should be required to bring the books and papers which he alleges contained incriminating evidence before either the court or the referee in bankruptcy, and if it appears that his plea is well founded, the court can make such order as will fully protect him from discovery of such evidence, and if possible enable the trustee to obtain such information as is necessary and indispensable in the settlement of the estate. *In re Hess,* 134 Fed. Rep. 109; *In re Hark,* 136 Fed. Rep. 986; *In re Harris,* 164 Fed. Rep. 292.

Having offered no such objection, clearly, therefore, their acts in filing their schedules and delivering the books of account were voluntary; they could not thereafter set up the protection of the Constitution, either Federal or state, which they had so unequivocally waived. *Tucker v. United States,* 151 U. S. 164.

If freely given once, the evidence may of course be used thereafter, for the privilege is purely personal and may be waived. See also *Tracy & Co.,* 23 Am. Bankr. Reps. 438. *Matter of Fellerman,* 17 Am. Bankr. Reps. 785, which involved no question of constitutional privilege, distinguished. See also *Glassner, Snyder & Co.,* 8 Am. Bankr. Reps. 184; *George P. Rosser,* 2 Am. Bankr. Reps. 746; *In re Kanter,* 117 Fed. Rep. 356.

The time to claim the privilege is when the testimony is offered or book or document is about to be inspected, and if not then claimed, it is waived. Remington on Bankruptcy, § 1561; *Tracy & Co.,* 23 Am. Bankr. Reps. 438; *Burrell v. Montana,* 194 U. S. 572; *Kerrch Bros. v. United States,* 171 Fed. Rep. 366; *United States v. Halstead,* 27 Am. Bankr. Reps. 302; *Matter of Tracy & Co.,* 23 Am. Bankr. Rep. 438; *Strait v. State,* 84 Minnesota, 384; *In re Harris,* 221 U. S. 274; *Adams v. New York,* 192 U. S. 585; *Re Nachman,* 8 Am. Bankr. Reps. 180.

*Johnson* v. *United States*, 20 Am. Bankr. Reps. 724; *United States* v. *Chambers*, 13 Am. Bankr. Reps. 708; *United States* v. *Cohen*, 170 Fed. Rep. 715; *Burrell* v. *Montana*, 194 U. S. 572; *Jacobs* v. *United States*, 161 Fed. Rep. 694; *Boyd* v. *United States*, 116 U. S. 616, distinguished.

With reference to the construction of § 7 of the Bankruptcy Act of 1898, cl. 8 provides for the filing of schedules; cl. 9 for the bankrupt's examination at the first creditor's meeting, or as the court may order. The proviso, but no testimony given by him shall be offered in evidence against him in any criminal proceeding, is a part of cl. 9, and clearly refers only to the bankrupt's examination. The schedules and books of account are not to be considered "testimony," under § 7*a*, cl. 9. "Testimony" is confined to oral evidence or the statements made by a witness under oath. Bouvier's Law Dict.; 28 Am. & Eng. Encycl. of Law.

No definition of the word "testimony" is broad enough to include pleadings or other papers filed in the case previous to the trial or hearing. *Johnson* v. *United States*, 20 Am. Bankr. Reps. 724.

Had Congress intended to include in said provision all information furnished by the bankrupt, it could easily have so stated, by providing that no testimony or information given by him shall be offered against him in evidence in any criminal proceeding.

MR. JUSTICE PITNEY delivered the opinion of the court.

There are two writs of error, but a single record. The plaintiffs in error were jointly indicted in the Court of Quarter Sessions of Erie County, Pennsylvania, under an act of May 9, 1889 (P. L. 1889, Act 172, p. 145), "Relating to the receiving of deposits by insolvent bankers, etc., defining the offense, and providing a punishment there-

for." It appears that they were engaged together in business as private bankers in the Borough of North East, Pennsylvania, for a long time prior to February 12, 1908; that on that day they received from the prosecuting witness a deposit of one thousand dollars; that on the fifteenth of February they closed their banking house, and on the seventeenth made an assignment for the benefit of their creditors; that they were shortly thereafter thrown into involuntary bankruptcy, and schedules were filed by them in the bankruptcy proceeding. The receipt of the deposit of February twelfth was made the basis of the indictment.

Upon the trial the Commonwealth offered in evidence, and the court admitted, against the objection of the defendants, the schedules filed by them in the bankruptcy proceeding, and the testimony of an expert accountant based upon an examination of their banking books, which they had turned over to the trustee. The trial court, and, on successive appeals, the Superior Court and the Supreme Court of Pennsylvania (40 Pa. Superior Ct. 157, 163; 228 Pa. St. 400), overruled the contentions of the plaintiffs in error that their rights under the Constitution and laws of the United States were infringed by the admission of the evidence referred to, and so they bring the case here.

Article V of Amendments to the Federal Constitution is invoked, which provides (*inter alia*)—"No person . . . shall be compelled in any criminal case to be a witness against himself." But, as has been often reiterated, this Amendment is not obligatory upon the governments of the several States or their judicial establishments, and regulates the procedure of the Federal courts only. *Barron* v. *Baltimore,* 7 Pet. 243; *Spies* v. *Illinois,* 123 U. S. 131, 166; *Brown* v. *New Jersey,* 175 U. S. 172; *Barrington* v. *Missouri,* 205 U. S. 483; *Twining* v. *New Jersey,* 211 U. S. 78, 93.

We are referred to a similar prohibition in Art. I, § 9, of

the constitution of Pennsylvania; but, even if the trial of
the plaintiffs in error proceeded in disregard of this pro-
vision, no Federal right was thereby infringed.

The only debatable question is that which is based upon
the provisions of § 7 of the Federal Bankruptcy Act of
July 1, 1898 (chap. 541, § 7; 30 Stat. 544, 548), which
reads as follows:

"Duties of Bankrupts:—a. The bankrupt shall (1)
attend the first meeting of his creditors, if directed by the
court or a judge thereof to do so, and the hearing upon
his application for a discharge, if filed; (2) comply with
all lawful orders of the court; (3) examine the correctness
of all proofs of claims filed against his estate; (4) execute
and deliver such papers as shall be ordered by the court;
(5) execute to his trustee transfers of all his property in
foreign countries; (6) immediately inform his trustee of
any attempt, by his creditors or other persons, to evade
the provisions of this Act, coming to his knowledge; (7)
in case of any person having to his knowledge proved a
false claim against his estate, disclose that fact imme-
diately to his trustee; (8) prepare, make oath to, and file
in court within ten days, unless further time is granted,
after the adjudication, if an involuntary bankrupt, and
with the petition if a voluntary bankrupt, a schedule of
his property, showing the amount and kind of property,
the location thereof, its money value in detail, and a list
of his creditors, showing their residences, if known, if un-
known, that fact to be stated, the amounts due each of
them, the consideration thereof, the security held by them,
if any, and a claim for such exemptions as he may be en-
titled to, all in triplicate, one copy of each for the clerk,
one for the referee, and one for the trustee; and (9) when
present at the first meeting of his creditors, and at such
other times as the court shall order, submit to an exam-
ination concerning the conducting of his business, the
cause of his bankruptcy, his dealings with his creditors

and other persons, the amount, kind, and whereabouts of
his property, and, in addition, all matters which may af-
fect the administration and settlement of his estate; but
no testimony given by him shall be offered in evidence
against him in any criminal proceeding: *Provided, however,*
that he shall not be required to attend a meeting of his
creditors, or at or for an examination at a place more than
one hundred and fifty miles distant from his home or prin-
cipal place of business, or to examine claims except when
presented to him, unless ordered by the court, or a judge
thereof, for cause shown, and the bankrupt shall be paid
his actual expenses from the estate when examined or re-
quired to attend at any place other than the city, town, or
village of his residence."

The reliance of the plaintiffs in error, of course, is upon
that part of clause 9 of the section which declares—"but
no testimony given by him shall be offered in evidence
against him in any criminal proceeding." It is insisted
that, in accordance with the spirit of the Fifth Amendment,
this should be construed as applying to the schedule re-
quired to be prepared, sworn to and filed by the bankrupt
under the provisions of the 8th clause. But as a matter
of mere interpretation, we deem it clear that it is only the
testimony given upon the examination of the bankrupt
under clause 9 that is prohibited from being offered in
evidence against him in a criminal proceeding. The
schedule referred to in the 8th clause, and the oath of the
bankrupt verifying it, are to be "filed in court," and,
therefore, are of course to be in writing. The word
"testimony" more properly refers to oral evidence. It
was reasonable for Congress to make a distinction be-
tween the schedule, which may presumably be prepared
at leisure and scrutinized by the bankrupt with care before
he verifies it, and the testimony that he is to give when he
submits to an examination at a meeting of creditors or at
other times pursuant to the order of the court; a proceed-

ing more or less unfriendly and inquisitorial, as well as summary, and in which it may be presumed that even an honest bankrupt might, through confusion or want of caution, be betrayed into making admissions that he would not deliberately make. Full effect can be given to the clause "but no testimony given by him shall be offered in evidence against him in any criminal proceeding" by confining it to the testimony given under clause 9, to which the words in question are immediately subjoined. And we think that proper interpretation requires their effect to be thus limited.

We are referred to *Johnson* v. *United States*, 163 Fed. Rep. 30, and *Cohen* v. *United States*, 170 Fed. Rep. 715. But these were both prosecutions in the Federal courts on indictments for fraudulently concealing property belonging to the bankrupt's estate; and the decision in each case was rested upon Rev. Stat., § 860 (U. S. Comp. Stat., 1901, p. 661), which declares that "No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture; *provided*, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid." This section (since repealed by act of May 7, 1910, c. 216; 36 Stat. 352), was in force at the time of the trial of plaintiffs in error; but by its own terms it is limited to criminal proceedings "in any court of the United States," and constitutes no limitation upon the procedure of the state courts.

For the reasons given, it seems to us clear that the plaintiffs in error were not entitled to have the bankruptcy schedules excluded from evidence, because those schedules

were not within the description of "testimony" in the clause quoted from §.7 of the Bankruptcy Act.

And for like reasons, the evidence showing the results of an expert examination of the books of the bankers was also admissible.

This conclusion renders it unnecessary for us to consider whether the prohibition with which we have dealt, that "no testimony given by him shall be offered in evidence against him in any criminal proceeding" is not limited to criminal proceedings in the Federal courts; and upon this question we express no opinion.

*Judgments affirmed.*