### LINDEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 9, 1924.)

No. 3019.

1. Criminal law ☞787(1)—Instructions on failure of defendants to contradict witness held error.

Where the testimony related to a single transaction by defendants, when only they and the witnesses for the prosecution were present, comment by the court in its instructions on the fact that such witnesses were not contradicted, which contradiction could only come from defendants themselves, *held* error, in view of Act March 16, 1878 (Comp. St. § 1465), providing that failure of a defendant to testify shall not create any presumption against him.

2. Criminal law ☞1172(1)—Error in instructions held to affect two counts in indictment.

A prejudicial error in instructions relating to one count in an indictment, charging a substantive offense, *held* to require reversal also of conviction on another count charging conspiracy to commit such offense, and averring its commission as the overt act.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Criminal prosecution by the United States against Harry Linden and others. Judgment of conviction, and defendants bring error. Reversed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James R. Nugent and Joseph Randolph Woodruff, both of Newark, N. J., for plaintiffs in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. On the night of January 11, 1923, Linden, Coose, and Philbrook were running a boat loaded with whisky on the Shrewsbury river inside of Sandy Hook. They were overtaken by two inspectors of customs and arrested. Later the three men were tried on an indictment containing five counts, the first charging conspiracy (under section 37 of the Criminal Code [Comp. St. § 10201]) to violate section 593 of chapter 356 of the Laws of 1922 (Comp. St. Ann. Supp. 1923, §§ 5841h12, 5841h13); the second and third, violations of the cited section and chapter; the fourth, conspiracy (under the same section of the Criminal Code) to transport intoxicating liquor; and the fifth, transportation of intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The jury found them not guilty on the first, second and third counts and guilty on the fourth and fifth counts. Sentences of imprisonment were imposed under one count and of fines under the other. Thereupon the defendants sued out this writ of error.

[1] The assignments of error present, in the main, questions repeatedly raised and decided in cases of this character. All these are resolved against the plaintiffs in error. There is, however, one assignment out of the ordinary. Having its rise, doubtless, in an inadvertence on the part of the learned trial judge, it is directed to that part of his charge in which he called the attention of the jury to the fact that the evidence for the prosecution had not been contradicted. As the defendants did not take the stand and contradict the government's evidence, they maintain, upon an exception seasonably taken, that the comments of the judge created a presumption against them and thereby deprived them of the protection afforded by the Act of Congress of March 16, 1878, 20 Stat. 30, c. 37 (Comp. Stat. § 1465).[1] What the judge said was this:

"Take up the fifth count first—I think that will be the better way to start with this proceeding. That relates to a specific act charging these defendants with the crime of unlawful transportation of liquor. That is what it charges, in substance. You will find, of course, that the count is more wordy than that, but in substance it charges these men with transporting of intoxicating liquor fit for beverage purposes. *Now, as to that count there is very little to be said. If you believe the evidence, and there is no contradiction of it at all, these three men were caught in a boat on the Shrewsbury River, in what is called the Cove between the Highlands and Sandy Hook, with a lot of intoxicating liquor on board.* You heard the testimony with reference to that. *Now, there is not any evidence at all in explanation*

---

[1] "That in the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offences, and misdemeanors, in the United States courts, territorial courts, and courts-martial, and courts of inquiry, in any state or territory, including the District of Columbia, the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him."

*of that transaction, and there you have the bare facts.* I don't understand that counsel for the defendant makes any serious contention in that regard, but that they had this liquor on board, and therefore are guilty of the crime of transportation, unlawful transportation. At any rate, that is the evidence, and if I am in error as to his lack of contention in that particular or what he is ready to concede, it is for you to say upon that evidence whether that count has not been established. There was the intoxicating liquor. On the testimony it was fit for beverage purposes; it contained so much alcohol and so much water."

The defendants do not question the rule, now well settled in federal courts, that a trial judge may sum up the facts to a jury, and express an opinion upon them, taking care, however, to separate the law from the facts and to leave the latter in unequivocal terms to the jury. R. R. Co. v. Putnam, 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257; United States v. Railroad Co., 123 U. S. 113, 114, 8 Sup. Ct. 77, 31 L. Ed. 138; Starr v. United States, 153 U. S. 614, 624, 625, 14 Sup. Ct. 919, 38 L. Ed. 841. They complain that by the expressions used in his charge the learned trial judge did not leave the case to the jury on the evidence for the government but, contrary to the cited act, he injected into the case a presumption against them arising from their failure to take the stand and contradict the government's evidence or explain the transaction.

Everyone accused of crime is presumed to be innocent until proven guilty. During the period of that presumption, one so accused may combat the evidence brought against him; or he may, if he choose, meet it in silence. That is his right. For its protection the law imposes corresponding silence upon prosecutor and court. Neither can validly refer or indirectly call attention to his failure to speak in his own defense. Being innocent in the eyes of the law, he is not called upon to meet accusing testimony by contradiction or explanation. Therefore, no presumption can lawfully be raised or comment lawfully be made upon his failure to do that which the law expressly says he shall not be required to do.

The apprehension and arrest occurred at night, out in a stream. The only persons present were the three defendants and the two customs officers. The latter were witnesses for the prosecution. It follows, therefore, that the only persons who could possibly contradict their testimony were the defendants themselves. Obviously, then, the only persons to whom the learned trial judge could have alluded as not having contradicted the government's testimony and as not having given an "explanation of the transaction" were the defendants. This is so clear that it does not require discussion. We are of opinion that this part of the court's charge involved error and that the conviction thereunder was not valid. Carlisle v. United States, 194 Fed. 827, 114 C. C. A. 531, contra.

[2] In this connection the government maintains that the expressions of the court, which we have been constrained to find prejudicial, related only to the fifth count charging the lesser offense of transporting intoxicating liquor, and, therefore, any reversal that may be directed should be restricted to the sentence under that count. True, the words were used in the instructions on the fifth count. Yet, if the judgment on the fifth count, charging unlawful transportation,

should be reversed, the judgment on the fourth count, charging conspiracy, should also be reversed because the one overt act averred in the conspiracy count is the very act of transportation pleaded as the offense in the transportation count. The offense charged in the transportation count and the overt act alleged in the conspiracy count being the same, it follows inevitably that, as the jury found the fact of transportation on improper instructions, such finding cannot sustain the overt act pleaded in the conspiracy count, and, in consequence, the conviction under that count must fall.

The judgment below on both counts is reversed and a new trial awarded.