## OPTNER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1926.) ،

No. 4526.

**1. Indictment and information ⊗⟹125(1).**

"Duplicity" consists in joining in the same count two or more distinct and separate offenses.

[Ed. Note.—For other definitions, see Words and Phrases, First and· Second Series, Duplicity.]

**2. Indictment and information ⊗⟹127—"Misjoinder" defined.**

"Misjoinder" is the charging in separate counts of separate and distinct offenses arising out of wholly different transactions having no connection or relation with each other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misjoinder.]

**3. Indictment and information ⊗⟹133(10)—"Misjoinder" of counts is not ground for demurrer, but government may enter nolle prosequi or be compelled to elect between counts.**

Where the facts stated in separate counts are sufficient to charge an offense, the indictment is not vulnerable to a demurrer because of "misjoinder"; but the government may enter a nolle prosequi as to counts improperly joined,

or may be required to elect upon which counts it will proceed to trial.

**4. Bankruptcy ⊗⟹242(2)—Schedules filed by bankrupt not privileged as "testimony" (Bankruptcy Act, § 7a [Comp. St. § 9591]).**

The provision of Bankruptcy Act, § 7a (Comp. St. § 9591), that no "testimony" given by a bankrupt on his examination shall be offered in evidence against him in any criminal proceeding, has no application to the schedules he is required to file.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Testimony.]

**5. Criminal law ⊗⟹1030(1), 1086(14)—Appellate court will not consider objections not made at trial or shown by record, unless they clearly caused miscarriage of justice.**

A court of review will not consider objections not made during the trial and shown by the record, unless it appears from the whole record that the error complained of, but to which no objection was made nor exception taken, clearly caused a miscarriage of justice.

**6. Criminal law ⊗⟹393(1).**

The privilege conferred on the defendant in a criminal prosecution by the Fifth Amendment to the Constitution he may waive.

**7. Criminal law ⊗⟹1159(2).**

The appellate court cannot consider weight of evidence, but must affirm if the verdict is supported by any substantial evidence.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Criminal prosecution by the United States against Arthur E. Optner. Judgment of conviction, and defendant brings error. Affirmed.

The indictment returned against the plaintiff in error on April 30, 1924, contained five separate counts. The first and second counts charged him with concealing from his trustee in bankruptcy property and goods to the amount of $1,000 and $2,000, respectively. The third count charged him with having committed perjury in his examination before the referee in bankruptcy. The fourth and fifth counts charged him with using the United States mail in furtherance of a scheme to defraud, in violation of section 215 of the Criminal Code (Comp. St. § 10385). To this indictment defendant, on May 16, 1924, filed a motion, first, to require the United States attorney to elect, because of misjoinder, upon which counts of the indictment he would proceed to trial; second, to quash counts 1, 2, and 3; third, to quash all the counts and dismiss the indictment. On May 21, 1924, the court sustained the motion to quash counts 1, 2, and 3, and overruled it as to the other counts. On the same

day, the defendant filed a general and special demurrer to the indictment, which was overruled by the court and exceptions noted. It is said by counsel for plaintiff in error that this motion and the demurrer were heard and decided together. Counsel for the government insists that the demurrer was filed after the court had disposed of the motion.

At the conclusion of the government's case in chief, the court, on motion of the defendant, directed a verdict in his favor upon the fourth count. The jury returned a verdict of guilty on the fifth count. Motions for a new trial and in arrest of judgment were overruled and sentence imposed.

David D. Stansbury, of Chicago, Ill. (Walter McKenzie, of Detroit, Mich., on the brief), for plaintiff in error.

Chas. A. Meyer, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. (after stating the facts as above). While the dates of the filing and position in the record of the motion, entry, and demurrer would indicate that the demurrer was filed after disposition of the motion, yet we do not think that matter is of serious importance. It is conceded that counts 4 and 5 were properly joined. The sustaining of the motion to quash counts 1, 2, and 3, because the offenses charged therein were barred by the statute of limitation or for any other reason, wholly eliminated the question of misjoinder and obviated the necessity of requiring the United States attorney to elect upon which count he would proceed to trial.

In support of the claim of plaintiff in error that the court erred in overruling the demurrer to the indictment, counsel cite and rely upon the case of McElroy v. U. S., 164 U. S. 76, 127 S. Ct. 31, 41 L. Ed. 355. In that case there were four indictments—one against a number of defendants for assault with intent to kill; a second indictment against the same defendants for assault with intent to kill another individual; a third indictment against the same defendants for arson of a dwelling house; and a fourth indictment against three of the same defendants for the arson of another dwelling house. All of these indictments were consolidated over the objections of the defendants and tried as one cause. The court held that their consolidation was not warranted by section 1024, Revised Statutes (Comp. St. § 1690),

because of the different defendants and the different nature of the offenses charged. It would seem unnecessary to say that the decision of the Supreme Court in that case has no application whatever to one indictment charging in separate counts the one defendant with separate offenses even though such offenses are improperly joined.

[1-3] It is the claim of plaintiff in error that this indictment is fatally defective because of duplicity. There is a substantial difference between duplicity and misjoinder, although this distinction is not always strictly observed in the use of these terms. Duplicity consists in joining in the same count two or more distinct and separate offenses. Misjoinder is the charging in separate counts, separate and distinct offenses arising out of wholly different transactions having no connection or relation with each other. Where the facts stated in separate counts of an indictment are sufficient to charge an offense, the indictment is not vulnerable to a demurrer because of misjoinder. The government may enter a nolle prosequi as to counts improperly joined or it may be required to elect upon which counts it will proceed to trial. Pointer v. U. S., 151 U. S. 396, 404, 14 S. Ct. 410, 38 L. Ed. 208; Connors v. U. S., 158 U. S. 408, 411, 15 S. Ct. 951, 39 L. Ed. 1033, cited with approval in McElroy v. U. S., supra, at page 80, (17 S. Ct. 31); U. S. v. Nye (C. C.) 4 F. 889, 892.

[4] The defendant also objected to the introduction in evidence of the schedule in bankruptcy filed by the bankrupt for the reason "that the law as stated in section 7, subdivision 9, of the Bankruptcy Act (Comp. St. § 9591), provides that none of the testimony in the Bankruptcy Act may be used against defendant. * * *" In Ensign v. Pennsylvania, 227 U. S. 592, 599, 33 S. Ct. 321, 323 (57 L. Ed. 658), the Supreme Court said: "We deem it clear that it is only the testimony given upon the examination of the bankrupt under clause 9 that is prohibited from being offered in evidence against him in a criminal proceeding. The schedule referred to in the eighth clause and the oath of the bankrupt verifying it, are to be 'filed in court,' and, therefore, are of course to be in writing. The word 'testimony' more probably refers to oral evidence." This disposes of the only objection made to the introduction of the schedule in evidence.

It is insisted by counsel for plaintiff in error that the above statement is merely obiter because the court also held that the protection of the Fifth Amendment is not binding upon the courts of the state and that

this finding was sufficient to dispose of the case. That the question was presented by the record in the Ensign Case appears by the language of the court on page 599 (33 S. Ct. 322) where it is said: "The reliance of the plaintiffs in error, of course, is upon that part of clause 9 of the section which declares—'but no testimony given by him shall be offered in evidence against him in any criminal proceedings.'" See, also, Slakoff v. U. S. (C. C. A.) 8 F.(2d) 9, 10; Podolin v. Lesher-Warner Dry Goods Co., 210 F. 97, 101, 126 C. C. A. 611.

[5, 6] It is now claimed that the admission of the schedule in evidence over respondent's objection was erroneous because in violation of defendant's rights under the Fifth Amendment to the federal Constitution. A court of review will not consider objections not made during the trial of the cause and exhibited by the record unless in a criminal case it appears from the whole record that the error complained of, but to which no objections were made, or exceptions taken, clearly caused a miscarriage of justice. This is not such a case. This schedule was voluntarily filed by the bankrupt without any objection or claim on his part that it would tend to incriminate him, nor was any such claim made when it was offered in evidence. The provision of the Fifth Amendment confers a personal privilege upon the accused that he may waive and testify in his own behalf. Brown v. Walker, 161 U. S. 591, 597, 16 S. Ct. 644, 40 L. Ed. 819.

If defendant's objection to the introduction of the schedules was also based upon the provisions of the Fifth Amendment, it was his duty to state this ground of his objection, otherwise, he waived the privilege to the exent of the matters and things appearing in the schedule. Arndstein v. McCarthy, 254 U. S. 71, 41 S. Ct. 26, 65 L. Ed. 138. For the reasons stated, this objection to the admissibility of the schedules in evidence is not presented by the record in this case.

It is also claimed on behalf of the plaintiff in error that "the schedules were incompetent, irrelevant, and immaterial, because without any probative value whatever, and, standing alone, did not amount to an admission of guilt, or furnish clear proof of crime." No such objection was made in the trial of the cause. We are of the opinion, however, that the lapse of time between mailing the statement and filing the schedules was not sufficient to make them incompetent or immaterial, although defendant might have shown such facts occurring in the intervening time as to make them of little probative value. That, however, could not affect their relevancy.

[7] It is further claimed on behalf of the plaintiff in error that the verdict is contrary to the evidence. If by this assignment of error the plaintiff in error means that the verdict is against the weight of the evidence, this court has no authority to consider and determine that question. If the verdict is sustained by any substantial evidence, the judgment must be affirmed. In the discussion of this question it is unnecessary to review the evidence in detail. There is some discrepancy in the amount of the bankrupt's debt named in the indictment and the amount proven; nevertheless, there is substantial evidence tending to prove that the debts owing by the bankrupt at the time the alleged false and fraudulent statement was placed in the United States mails were in excess of the aggregate therein stated in a substantial amount. It was for the jury to determine whether this indicated a fraudulent purpose and intent upon the part of the defendant to obtain credit to which he would not be entitled upon a truthful showing of his real financial condition.

For the reasons stated, the judgment of the District Court is affirmed.