### McKIBBEN v. PHILADELPHIA & R. RY. CO.

(Circuit Court of Appeals, Third Circuit. June 17, 1918.)

No. 2366.

1. NEW TRIAL ⬅️44(3)—GROUNDS—MISCONDUCT OF JURY.
    The reading in a jury room by one of the jurors, at the request of the others, of a newspaper article giving an account of former trials of the case, and reflecting on the defendant, *held* to entitle defendant to a new trial after an adverse verdict.

2. NEW TRIAL ⬅️29—GROUNDS—MISCONDUCT OF COUNSEL.
    Statements by counsel for a plaintiff in his argument to the jury of what had been done by juries in former trials of the case was so grossly improper as to entitle defendant to a new trial.

In Error to the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

At Law. Action by Robert J. McKibben against the Philadelphia & Reading Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Frank S. Katzenbach, Jr., of Trenton, N. J., for plaintiff in error.
Joseph A. Shay, of New York City, and Wilbur A. Heisley, of Newark, N. J. for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

---

BUFFINGTON, Circuit Judge. This was a suit brought by Robert J. McKibben, a citizen of New Jersey, against the Philadelphia & Reading Railway Company, a corporation of Pennsylvania. It was for personal injuries sustained by McKibben while working as brakeman on defendant's train, and which injuries, it was alleged, were caused by the railroad's negligence. The negligence charged was, inter alia, defendant's failure to furnish a proper coupler in compliance with the federal Safety Appliance Act. On the trial, the plaintiff recovered a verdict, and, on entry of judgment thereon, defendant sued out this writ. The assignments of error involve two questions: First, the court's refusal to set the verdict aside by reason of the jury having before them while they were deliberating on their verdict a certain newspaper article; and, second, the refusal of the court to give binding instructions in favor of the defendant.

[1] It seems that while the jury was deliberating one of its members produced a newspaper article giving an account of former trials of the case, the amounts of the verdicts rendered therein, and certain statements calculated to influence, ·if not, indeed, inflame, feeling against the defendant. That a single juror of a panel might be so recreant to his duty of impartiality as to produce such an article in a jury room is possibly to be expected; but when twelve jurors, of the character of men that should and usually do constitute federal juries, agree that such matters should be read to them, such a general situation, vitally affecting the integrity of the administration of justice, is disclosed as to make it the duty of this court to speak in no uncertain terms. We are not disposed to analyze or seek to determine just what problematic effect this unwarranted matter had on the jurors' minds, or at what stage of the proceedings the jury determined to have the article read. The noxious fact is that it had no place in the jury room, and that it was there, and was, at the request of the entire jury, read and heard. That the allegations of the article were harmful to and inflammatory against the defendant company, and that they were intended at some stage of the proceedings to affect the trial of the case, is evident by the fact, found by the judge below, that the article was "inspired by the plaintiff, or· by some one acting for him." And that the article did come to the notice of a juror, that he was led by its contents to cut it out, to keep it through the trial, and to produce it in the jury room, and read it to all of his fellows, are facts tending to show that the purpose of this inspired article had been fulfilled. Under these facts our duty is clear to set aside a judgment rendered on a verdict given under such circumstances.

[2] Reversal being made on the foregoing ground, a discussion of other alleged error is unnecessary; but we deem it proper to here refer to another matter of mistrial, although it is not assigned for error— that is, the statement made by counsel of the plaintiff in his argument to the jury as to what had been done by other juries in former trials of this case. Such statements in the presence of a jury are in a federal court deemed so improper as to warrant opposing counsel to request, and courts of their own motion to direct, the withdrawal of a juror and the continuance of a cause, with such orders as to term costs as

are proper. While the facts are not the same, the underlying principle applicable both to the newspaper article read to the jury and to this reference by counsel to the action of injuries in the former trials is so analogous that we repeat here what was said by this court in Vaughan v. Magee, 218 Fed. 632, 134 C. C. A. 390:

"We will not enter into a speculative analysis of what effect the statement and its repetition to the jury had. It suffices to say the jury improperly had before it substantial statements of matters which were not only not in evidence, but which on no principle of law could have been admitted in evidence. The possibility of the verdicts of juries being based on that which is not evidence goes to the very foundation of that fair and impartial trial for which courts exist. Whether the objectionable statements did or did not influence the jury in this particular case is not the test, for this court cannot permit any such practice to obtain even a foothold in this circuit."

The judgment below is reversed, and the case remanded for further action.