Bobbie Maye WHITE, Plaintiff–Appellee,

v.

Robert COHEN, individually and Crest Motel, Defendants–Appellants.

No. 78–3747.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1980.

Decided Jan. 26, 1981.

Thomas D. Beatty, Las Vegas, Nev., for defendants-appellants.

Harold M. Gamer, Los Angeles, Cal., on brief; James R. Tipps, Los Angeles, Cal., argued, for plaintiff–appellee.

Before DUNIWAY and KENNEDY, Circuit Judges, and CURTIS,* District Judge.

KENNEDY, Circuit Judge.

Defendants sustained an adverse judgment in a negligence action and now appeal. The principal error assigned is that a tape recording introduced by the plaintiff below and played for the jury contained prejudicial statements which seriously impaired defendants' right to a fair and impartial trial. We agree with that contention and reverse.

In this diversity case, Bobbie Maye White brought a personal injury suit against the Crest Motel in Las Vegas, Nevada, and its owner, Robert Cohen, seeking damages for injuries suffered as a result of an accident on the motel premises. At trial plaintiff's counsel attempted to impeach the testimony of the defendants' key witness, the motel manager, by a tape recording of an interview between the manager and an investigator. Defendants' counsel objected, but the trial court admitted the tape for prior inconsistent statements used as impeachment. See Fed.R.Evid. 613.

Before the tape was played to the jury, defense counsel requested the judge to screen its contents, since plaintiff's counsel alone knew what was on the tape. The court denied the request. The plaintiff's counsel did not advise the court of the prejudicial statements, although just before the tape was played he requested a confer-

* Honorable Jesse W. Curtis, United State District Judge for the Central District of California, sitting by designation.

ence at the bench. The court denied the request and ordered the tape played.[1]

At the outset of the recorded conversation between the manager and investigator, repeated references were made concerning defendant Robert Cohen's indictment on various sexual offenses involving young girls, his fugitive status, and his alleged responsibility for the murder of a young girl. After listening to the tape, the trial judge considered declaring a mistrial, but decided first to question the jurors about their reactions.

Apparently few of the jurors heard the inflammatory remarks about Cohen because the tape was somewhat garbled, and the barely audible conversation occurred amid laughter and frequent interruptions. In questioning individual jurors in the presence of the entire jury, however, the judge repeatedly referred to criminal charges against Cohen and his absence from the country.[2] In subsequent curative instructions, the court admonished the jury to disregard whatever they had learned from the tape for purposes of finding liability. Under questioning, the jurors unanimously agreed Cohen would receive a fair and impartial trial. The judge therefore denied defendants' motion for mistrial. We find this ruling to be an abuse of discretion.

While it does appear that parts of the tape recording were admissible as prior inconsistent statements, it is clear beyond cavil that the prejudicial statements referring to defendant's alleged criminal acts should have been excised before the tape was played. The comments were neither relevant nor impeachment related, but quite obviously entailed significant prejudicial harm to defendants' case. See Fed.R.Evid. 403. Since the prejudicial statements both preceded and followed the relevant portions of the tape, moreover, excision would have been a simple matter.

Despite the undisputed error in playing the entire tape, the central focus of this appeal is whether that error was harmless. See Fed.R.Civ.P. 61. On appeal, White claims the error was harmless because the jurors neither heard nor understood the offending remarks. Further, to the extent the jurors gained knowledge of Cohen's indictment and absence from the country, White argues it was attributable to defense counsel's urging the judge to question the jurors. We find both contentions unconvincing.

All the jurors knew of the criminal charges lodged against Cohen, as well as his absence from the country, if not from listening to the tape, then after the repeated statements by the trial court. It would not take much of a logical leap to surmise that Cohen was a fugitive from the law. In fact, White's counsel, in violation of local rules requiring him to submit a list of his witnesses in advance, made quite a point of suddenly calling Cohen to the stand, knowing he was not available. We think by this conduct he was trying to gain an advantage from the very implication he now claims the jury could not draw. There is some evidence, moreover, that at least two of the

---

1. The transcript reveals a weak attempt by plaintiff's counsel, Mr. Tipps, to alert the judge of the prejudicial statements:

   MR. TIPPS: Your Honor, may I see you at the side bar.
   THE COURT: No, play your tape. You wanted to play it, here is your chance.
   (At this time a portion of Plaintiff's Exhibit No. 34 for identification was played.)
   THE COURT: Perhaps I should have seen you at side bar.
   MR. TIPPS: I tried to warn you. That is the only reference to that.

   Given the highly inflammatory nature of these remarks and their prejudicial effect, counsel should have taken more forceful steps to inform the judge.

2. A typical colloquy between judge and juror was as follows:

   THE COURT: ... Miss Brunton, you have heard what I have said, is there anything about what you heard on the tape recording that you think might influence you in any way against Mr. Cohen?
   JUROR NUMBER ONE, BRENDA BRUNTON: No, as a matter of fact, I didn't really understand what was on the tape anyway.
   THE COURT: You didn't understand it?
   JUROR NUMBER ONE: No.
   THE COURT: That part that had to do with his being charged with some offense and being out of the country, you didn't hear?
   JUROR NUMBER ONE: No.

jurors did hear parts of the tape, but both appeared reluctant to discuss anything in the open courtroom.

Defense counsel cannot be faulted for the suggestion that the judge interrogate the jurors to determine the extent of their knowledge. He was merely attempting to alleviate a very bad situation, which could have been avoided had plaintiff's counsel deleted the prejudicial parts of the tape or brought them to the attention of the trial court. Counsel's failure in this regard was misconduct and a breach of his duties. We cannot condone this type of overreaching.

Since the case was a close one, the prejudicial remarks might well have been the critical factor in swaying the jurors to side with the plaintiff. As a result, we hold that the prejudicial statements in the tape, and with the fact that plaintiff's counsel offered the tape knowing of such contents, have so tainted this case that a new trial is necessary. *County of Maricopa v. Maberry*, 555 F.2d 207, 217–23 (9th Cir. 1977); *Ruiz v. Hamburg–American Line*, 478 F.2d 29, 33 34 (9th Cir. 1973).

REVERSED.