CONTI, Patricia and Conti, Richard, husband and wife

v.

FORD MOTOR COMPANY and Winner Ford, J/S/A

v.

Richard CONTI.

Appeal of FORD MOTOR COMPANY.

No. 83–1792.

United States Court of Appeals, Third Circuit.

Argued Aug. 10, 1984.

Decided Sept. 17, 1984.

As Amended Sept. 20, 1984.

Rehearing Denied Oct. 12, 1984.

---

Joseph V. Pinto (argued), William J. Conroy, White & Williams, Philadelphia, Pa., for Ford Motor Company.

Joseph F. McNulty, Jr. (argued), Albert J. Schell, Jr., Post & Schell, P.C., Philadelphia, Pa., for Richard Conti.

James J. Binns (argued), James J. Binns, P.A., Philadelphia, Pa., for Patricia Conti and Richard Conti.

Arthur E. Ballen, Ballen, Keiser, Denker, Bor & Gertel, Camden, N.J., for Patricia Conti.

Before GIBBONS, HUNTER, and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This appeal arises from a jury verdict in favor of appellees Patricia and Richard Conti and against appellant Ford Motor Company ("Ford"). The district court, 578 F.Supp. 1429, denied Ford's post-trial motions for a judgment notwithstanding the verdict and for a new trial. Because we conclude that the district court erred in not granting judgment in Ford's favor on the failure-to-warn theory, we reverse the district court's denial of Ford's motion for a judgment notwithstanding the verdict and remand for an order entering judgment on all claims in Ford's favor.

### I.

Patricia Conti sustained serious injuries when, as she was in the process of entering a 1980 Ford Mustang on the passenger

side, her husband, appellee Richard Conti, turned the ignition key while the car was in gear without disengaging the clutch. Because the automobile was equipped with a standard transmission, Richard Conti's failure to disengage the clutch while starting the car in the reverse gear caused the car to lurch backwards. This lurching motion caused Patricia Conti to lose her balance and fall.

The Contis brought suit against Ford, seeking damages for Mrs. Conti's injuries sustained in the fall and for Mr. Conti's loss of consortium. Ford then joined Richard Conti as a third-party defendant, alleging that his negligence in starting the car while in gear and while the clutch was engaged was the cause-in-fact and proximate cause of Mrs. Conti's injuries, and thus that Ford was entitled to contribution from Mr. Conti.

The Contis' Complaint alleged that Ford was strictly liable for defective design and for failing to warn adequately of the dangers of starting a standard transmission car while in gear and while the clutch was engaged. The jury rejected the defective design claim, but found Ford liable on the failure-to-warn theory. The jury also found that Richard Conti was contributorially negligent, and that he was seventy-five percent responsible for the injuries suffered by Mrs. Conti. The jury awarded Mrs. Conti damages of $650,000 and Mr. Conti damages of $15,000, all against Ford.

The district court then entered judgment in favor of Mr. and Mrs. Conti for the amounts specified in the jury verdict. The district court also rejected Ford's arguments that Pennsylvania's comparative negligence and joint tortfeasors statutes accorded Ford the right of contribution from Mr. Conti, and thus entered judgment n.o.v. in favor of Mr. Conti on Ford's third-party claim. 42 Pa.Cons.Stat.Ann. §§ 7102, 8321 (Purdon's 1982).

## II.

In seeking review of the judgment below, Ford has raised many issues for our consideration. These issues include the propriety of certain jury instructions given by the district court, whether Ford had a duty to warn of the allegedly obvious danger of starting a standard transmission car in gear while the clutch is engaged, whether Ford's Owner's Manual contained adequate warnings of this danger, whether the lack of an adequate warning was the proximate cause of Mrs. Conti's injuries, and whether Ford is entitled to contribution from Mr. Conti in light of the jury's finding that he was seventy-five percent responsible for the harm caused Mrs. Conti. Because we find that the district court erred in submitting the causation issue to the jury, however, we need not address all of these issues. Rather, we hold that Ford is entitled to judgment in its favor as a matter of law because the Contis have failed to prove that the existence of any additional warning may have forestalled Mr. Conti's "momentary inadvertence," App. at 357, in failing to disengage the clutch while starting the car in gear.

The Pennsylvania courts have adopted section 402A of the Restatement (Second) of Torts, which imposes strict liability on the seller of any product "in a defective condition unreasonably dangerous to the user or consumer." *See, e.g., Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971). Even if properly designed, a product may be in an unreasonably dangerous defective condition if its manufacturer fails to warn the user or consumer of latent dangers in the use or operation of the product. *See, e.g., Sherk v. Daisy-Heddon, A Division of Victor Comptometer Corporation*, 498 Pa. 594, 450 A.2d 615 (1982). Before strict liability will be imposed on a manufacturer for failure to warn adequately of latent dangers in the use of a product, however, the plaintiff must establish that the failure to warn adequately of such dangers was the cause-in-fact and proximate cause of his or her injuries. *See, e.g., Greiner v. Volkswagenwerk Aktiengesellschaft*, 540 F.2d 85 (3d Cir.1976).

Although the question of causation is normally for the jury, "if the rele-

vant facts are not in dispute and the remoteness of the causal connection between the defendant's negligence and the plaintiff's injury clearly appears, the question becomes one of law." *Greiner*, 429 F.Supp. 495, 497 (E.D.Pa.1977), *on remand from* 540 F.2d 85 (3d Cir.1976) (quoting *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 29, 218 A.2d 336, 338 (1966)). Where the theory of liability is failure to warn adequately, the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted to the jury.

### III.

In the instant case, the Contis allege that Ford's failure to place a "reminder" warning in the car's interior resulted in Mr. Conti's negligent act in starting the standard transmission car while in the reverse gear and without disengaging the clutch. This negligent act then resulted in the backward movement of the car, which caused Mrs. Conti to lose her balance and fall, suffering injury. The district court submitted this issue of causation to the jury, which seemingly found that the lack of an adequate warning did result in Mrs. Conti's fall, thus rendering Ford strictly liable for the injuries suffered in the fall.

■ We hold that the district court erred in submitting the causation issue to the jury and in not finding that the Contis had failed as a matter of law to show the connection between the existence of an adequate reminder warning and the possible prevention of the accident. As we read the record, there is no dispute as to the material facts. Mr. Conti was in his early forties at the time of the accident. App. at 40. He had been driving standard transmission cars off and on since 1955. App. at 47. In fact, he had been in possession of the car involved in the accident for nine or ten months prior to the accident. App. at 25–26.

Mr. Conti had also read the Owner's Manual that came with the car, and which contained an instruction on pages 122–23 concerning operation of the car while in gear:

> On manual transmission vehicles, depress the clutch pedal and place the gear shift lever in the neutral position, as starter will operate while selector is in any gear.

App. at 184, 356. Mr. Conti testified that he could not remember reading this specific instruction, but that he knew that in "driving a standard transmission you would have to depress the clutch." App. at 46.

When questioned about the accident itself, and why he did not depress the clutch before he started the car, Mr. Conti testified: "I don't know why." App. at 46. Indeed, it is clear from the record that Mr. Conti was not paying attention to what he was doing when he started the car without disengaging the clutch. When asked to describe the accident, Mr. Conti stated:

> I was watching my wife walk around the front of the car. I reached over and opened the door. She was entering the car. Her one leg was suspended and *I was looking up talking to her* and I just reached over and started the car without depressing the clutch.

App. at 40 (emphasis added). The district court labeled this lack of attention by Mr. Conti "momentary inadvertence." App. at 357.

We find the evidence insufficient as a matter of law to support a reasonable inference that the existence of additional warnings may have prevented the accident from occurring. There is absolutely no evidence in the record to suggest that Mr. Conti would have paid any greater attention to what he was doing when starting the car if additional warnings were contained in Ford's operator manual, or even if a sticker reminding the operator to disengage the clutch before starting the car in gear was prominently displayed in the interior of the car. Rather, the jury's conclusion was based on the mere speculation that if Mr. Conti's eyes had caught a sticker warning him to depress the clutch pedal as he was talking to his wife, he may have remembered to either shift the car to neutral or to disengage the clutch prior to

starting the car. Ford cannot be held liable on a failure-to-warn theory merely because a jury concludes that more warnings are needed to remind drivers of the intricacies of standard transmissions. Rather, liability may result only when there is sufficient evidence that additional warnings or reminders may have made a difference. *See, e.g., Sherk v. Daisy-Heddon, A Division of Victor Comptometer Corporation,* 498 Pa. 594, 450 A.2d 615 (1982).

Finally, we note that our conclusion is supported by the jury's findings that Mr. Conti's negligence was seventy-five percent responsible for Mrs. Conti's injuries, and that the car involved was not defectively designed. Indeed, the sole basis of liability accepted by the jury seemed to be that Ford was liable for not placing additional reminder warnings in the car's interior. As stated above, however, because there is insufficient evidence in the record to support a reasonable inference that additional reminders may have forestalled Mr. Conti's negligence, the issue of causation should not have been submitted to the jury. Thus, we reverse the judgment below and remand for an order granting judgment in Ford's favor on all claims.