**Howard N. OVERPECK and Christine Overpeck, his wife, Plaintiffs,**

**v.**

**CHICAGO PNEUMATIC TOOL COMPANY, and Coats Company, Inc., a Division of Hennessy Industries, Inc., Defendants.**

Civ. A. No. 84–3242.

United States District Court,
E.D. Pennsylvania.

March 25, 1986.

James C. Hogan, Ronald W. Shipman, Coffin, Shipman, Stitt, Lewis & Walters, Easton, Pa., for plaintiffs.

John P. Penders, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This is a product liability action brought under this court's diversity jurisdiction. 28 U.S.C. § 1332. The action was tried to a jury, and in accordance with the jury's answers to interrogatories, the court entered judgment for plaintiffs against defendants in the amount of $200,000.00. Defendants have moved for judgment N.O.V. pursuant to Fed.R.Civ.P. 50, or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59. For the reasons which follow, the court grants defendants' motion for judgment N.O.V. and grants their alternative motion for a new trial, should the court's grant of judgment N.O.V. prove erroneous. Fed.R. Civ.P. 50(c)(1).

The standard for granting a judgment notwithstanding the verdict is the same as that governing a directed verdict. *Scott v. Plante*, 641 F.2d 117, 135 (3d Cir.1981), *vacated on other grounds*, 458 U.S. 1101, 102 S.Ct. 3474, 73 L.Ed.2d 1362 (1982). The court must determine, after giving the party who secured the jury verdict the benefit of all reasonable inferences that can be drawn from the evidence, without weighing the credibility of the evidence, whether reasonable minds could only come to one conclusion. *See Scott*, 641 F.2d at 134. *See also Brady v. Southern Railroad*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234–35, 88 L.Ed. 239 (1943); *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1177–80 (3d Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); *E.J. Stewart, Inc. v. Aitkein Products, Inc.*, 607 F.Supp. 883, 888 (E.D.Pa.1985). Normally, when the evidence is contradictory, a judgment N.O.V. is inappropriate. *Bonjorno v. Kaiser Aluminum & Chemical Corp.*, 752 F.2d 802, 811 (3d Cir.1984), *appeal pending*, —— U.S. ——, 106 S.Ct. 51, 88 L.Ed.2d 41 (1985); *Fireman's Fund*, 540 F.2d at 1178.

A motion for a new trial may invoke the court's discretion because the verdict was against the weight of the evidence, the damages were excessive, the trial was not fair to the moving party, or for other reasons. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940). A district court may grant a new trial if required to prevent injustice. *American Bearing Co. v. Litton Industries, Inc.*, 729 F.2d 943, 948 (3d Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 178, 83 L.Ed.2d 112 (1984). The authority to grant a new trial rests in the sound discretion of the district court, *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam), but if the trial judge is convinced there has been a miscarriage of justice then it is his or her duty to set aside the verdict. *Magee v. General Motors Corp.*, 213 F.2d 899, 900 (3d Cir. 1954).

This action involves an injury to plaintiff Howard Overpeck's eye on August 18, 1982 while using a tire changer manufactured in 1964. His eye allegedly was hit by a tool flying off of the machine. The action was sent to the jury on interrogatories pursuant to Fed.R.Civ.P. 49(b). The jury answered as follows:

1. Have plaintiffs proved by a preponderance of the evidence that the Powerman 990 Pneumatic Tire Changer was in a defective condition because of a design defect when it was manufactured and sold and that this defect continued without substantial change until the date of the injuries of which plaintiffs complain and that it was a substantial factor in bringing about those injuries?     Yes___   No X

2. Have plaintiffs proved by a preponderance of the evidence that the Powerman 990 Pneumatic Tire Changer was in a defective condition because of lack of warnings when it was manufactured and sold and that this defect continued without substantial change until the date of the injuries of which plaintiffs complain and that it was a substantial factor in bringing about those injuries?     Yes X   No___

IF YOUR ANSWER TO QUESTION 1 or 2 IS YES, PLEASE CONTINUE TO QUESTION 3.

IF YOUR ANSWERS TO QUESTIONS 1 and 2 ARE NO, PLEASE NOTIFY THE MARSHAL.

3. Has defendant Coats Company, Inc. proved by a preponderance of the evidence that plaintiff Howard N. Overpeck subjectively assumed the risk of operating the defective tire changer and that this assumption of the risk was a substantial factor in bringing about the injuries of which he complains? Yes___ No X

IF YOUR ANSWER TO QUESTION 3 IS YES, PLEASE NOTIFY THE MARSHAL.

IF YOUR ANSWER TO QUESTION 3 IS NO, PLEASE CONTINUE TO QUESTIONS 4 and 5.

4. In what amount, if any, has plaintiff Howard N. Overpeck proved by a preponderance of the evidence that the defective condition of Coats Company, Inc.'s Powerman 990 Pneumatic Tire Changer caused him damages? $   200,000.

5. In what amount, if any, has plaintiff Christine Overpeck proved by a preponderance of the evidence that her husband's injury caused her loss of consortium? $    0

TOTAL   $   200,000.

The jury found defendants' product was not defective in design; plaintiffs clearly prevailed at trial solely on a theory of failure to warn. Defendants contend that a verdict resting on a theory of failure to warn is not supported by the evidence. The court agrees that the court erred in submitting this issue to the jury because there was insufficient evidence of causation. Plaintiffs failed to provide sufficient evidence to support a reasonable inference that the existence of any form of warning would have made plaintiff Howard Overpeck act differently so that the accident would not have occurred.

■ Liability in this type of case may result only when there is sufficient evidence that a warning might have made a difference. Therefore, plaintiffs must prove that lack of a warning proximately caused Mr. Overpeck's injuries and that the presence of a warning would have prevented the accident. *Powell v. J.T. Posey Co.*, 766 F.2d 131, 133, 134–35 (3d Cir.1985) (Pennsylvania law); *Conti v. Ford Motor Co.*, 743 F.2d 195, 197–99 (3d Cir.1984) (Pennsylvania law); *Sherk v. Daisy-Heddon, A Division of Victor Comptometer Corporation*, 498 Pa. 594, 450 A.2d 615 (1982).

In a case predicated, under Pennsylvania strict liability law, on a defendant's failure to warn of latent dangers, 'the plaintiff must establish that the failure to warn adequately of such dangers was the cause-in-fact and proximate cause of his or her injuries.' *Conti v. Ford Motor Co.*, 743 F.2d 195, 197 (3d Cir.1984); *see also Greiner v. Volkswagenwerk Aktiengeselleschaft*, 540 F.2d 85, 93–94 (3d Cir.1976). Although the question of causation is ordinarily for the jury, *see* W. Prosser, *Handbook of the Law of Torts* § 45, 289–90 (4th ed. 1971), 'if the relevant facts are not in dispute and the remoteness of the causal connection between the defendant's negligence and the plaintiff's injury clearly appears, the question becomes one of law.' *Greiner v. Volkswagenwerk Aktiengesellschaft*, 429 F.Supp. 495, 497 (E.D.Pa.1977), *on remand from* 540 F.2d 85 (3d Cir.1976) (quoting Pennsylvania Supreme Court in *Liney v. Chestnut Motors, Inc.*, 421 Pa. 26, 29, 218 A.2d 336, 338 (1966) ). When, as in the instant case, the plaintiff's theory of liability is that the defendant failed adequately to warn, 'the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted to the jury.' *Conti*, 743 F.2d at 198. *Powell*, 766 F.2d at 134. In the instant case as in *Conti* and *Powell*, there was not sufficient proof of causation to allow the case to go to the jury.

■ The record is devoid of any evidence directly establishing or supporting a reasonable inference that the warning of the danger of jerky motion or stoppage in ill-adjusted machines or any other warnings suggested by plaintiffs would have caused Howard Overpeck to act differently and avoid his injury. Plaintiffs cite no specific evidence in the record but simply claim that the testimony of the experts and Howard Overpeck supports such an inference. Brief of the Plaintiffs at 14.[*] Howard

---

[*] "It is submitted to the Court that from the testimony of Dr. Currie, (Plaintiffs' expert), Defendants' Product Litigation Director Holladay, and Defendants' expert Mr. Houston, and from

Overpeck testified that he had operated tire changers on many occasions (Tr. August 19, 1985 at 16, 40 and 43). He did not receive an owner's manual when he bought the tire changer nor try to obtain one. (Tr. August 19, 1985 at 42 and 43). He was aware of the possibility that the tool which injured him might fly off the machine and that he should keep his hand on the tool. (Tr. August 19, 1985 at 48–50). Defendants' expert, Jimmy Holladay, testified that the accident resulted from Howard Overpeck's "pulling and yanking on the tool trying to get it off and it came loose and he struck himself in the eye." (Tr. August 22, 1985 at 26). Plaintiffs' own fact witness, Gerald Tittle, testified without objection that plaintiff Howard Overpeck had told him previously that the accident was his own fault because he did not have his hand on the tool. (Tr. August 19, 1985 at 63). However the accident occurred, there is *no* evidence that plaintiff would have acted any differently with any warning of any kind. The mere presentation of evidence that various warnings could or should have been given does not constitute evidence that they would have had any effect; without evidence that these warnings would have prevented the harm, to permit the jury to draw such an inference allows a jury impermissibly to base its verdict on mere speculation. Defendants are entitled to judgment N.O.V.

■ Notwithstanding the grant of judgment N.O.V., the court is obligated to rule on the alternative motion for a new trial. Fed.R.Civ.P. 50(c)(1). The court would, in the alternative, grant a new trial on two grounds:

(1) Highly prejudicial comments of plaintiffs' counsel may have biased the jury on both liability and damages; and
(2) The jury's answers to interrogatories No. 2 and No. 4 were against the weight of the evidence.

all the testimony of the Plaintiff, the jury had ample facts from which it could conclude that Overpeck would have been alerted by a warning affixed to the machine, warning of the danger of jerky motion or stoppage experienced in ill-

At trial on recross-examination of defendants' witness, Jimmy Holladay, plaintiffs' counsel brought to the attention of the jury a plaintiff's verdict of $200,000.00 in *Forsythe v. Coats*, where Coats was only one of several defendants and prevailed on appeal. (Tr. August 22, 1985 at 122). Coats actually paid only $3,500.00 in that case (Tr. August 22, 1985 at 124), but the case was introduced to the jury as if Coats were held liable for $200,000.00 (Tr. August 22, 1985 at 122). The court attempted to mitigate the prejudice to defendants by these comments (Tr. August 22, 1985 at 122–27), but is convinced that the effort was unsuccessful, particularly in light of the jury's finding that plaintiff Howard Overpeck was damaged in an amount *identical* to the award in *Forsythe*.

The court's conclusion of prejudice is supported by its finding that the jury's answers to interrogatories in favor of plaintiffs were against the clear weight of the evidence. The jury was correct to reject a finding of product defect. (*See, e.g.,* Tr. August 19, 1985 at 23). The evidence that a failure to warn in some manner was a proximate cause of plaintiff Howard Overpeck's injury was non-existent. (*Cf.* Tr. August 19, 1985 at 7, 11, 16, 26, 40, 42, 43, 63, 80; Videotaped deposition of Dr. James Currie, April 4, 1985, played at trial August 20, 1985 at 43, 54–56 and 56–57).

But even if the jury's conclusions were not against the weight of the evidence, the statements of plaintiffs' counsel before the jury were so prejudicial a new trial must be granted. *See, e.g., Westbrook v. General Tire & Rubber Co.,* 754 F.2d 1233 (5th Cir.1985); *Lambert v. Midwest City Memorial Hospital Authority,* 671 F.2d 372 (10th Cir.1982); *White v. Cohen,* 635 F.2d 761 (9th Cir.1981); *Draper v. Airco, Inc.,* 580 F.2d 91 (3d Cir.1978); *McKibben v. Phila. & R. Ry. Co.,* 251 F. 577 (3d Cir. 1918).

adjusted machines, (a warning conceptually approved in the testimony by Defendants' own expert, Houston)." Plaintiffs' Brief Contra Defendants' Motion at 14.