## Crites v. Century Products Inc.

*Thomas W. Hall,* for plaintiff.
*Donald H. Yost,* for defendants.
*Michael J. Hohenadel,* for additional defendant.

ERB, *P.J.*, January 9, 1991 — This matter is before the court on the motion for summary judgment by defendants, Century Products Inc. and Gerber Products Company.

The relevant uncontested pleaded facts are as follows. Rhonda McAlarney left her daughter, age two years and eight months, unattended in the car while she went into a pizza shop. She left the car at the curb with the motor running and without applying the hand brake. The child freed herself from her car seat, manufactured and distributed by defendants, Century Products Inc. and Gerber Products Company, and came into contact with the gear shift, placing the vehicle into forward gear. As a result, the car went forward and hit another car which was propelled into plaintiff, Charles S. Crites Jr., then loading items into his truck.

Plaintiff filed suit against defendants, Century Products and Gerber Products, alleging strict liability, negligence and breach of warranty. Defendants then filed a complaint to join Rhonda McAlarney as an additional defendant. Defendants have now filed a motion for summary judgment contending that the additional defendant's negligent conduct was an unforeseeable superseding cause, relieving defendants from liability. In addition, defendants argue that Mrs. McAlarney misused the car seat, negating the manufacturer's liability since such use was not reasonably foreseeable. Defendants submit that the pleadings are now closed, and as such, the motion is timely.

Plaintiff opposes this motion, arguing that defendants have misstated the law. Plaintiff contends that for defendants to prevail, they must present clear and convincing evidence that Mrs. McAlarney's use of the car seat was without question a misuse of the product and that such misuse was unquestionably

unforeseeable by the manufacturer. Plaintiff argues that Mrs. McAlarney's use of the seat was neither a misuse nor was it unforeseeable. Plaintiff points out that defendants have warning labels on other products cautioning parents not to leave children unattended. Moreover, plaintiff alleges that the design of the car seat was defective. To support his argument, plaintiff argues that a locking clip, which is now standard on all Century car seat products, was at that time only available if bought separately from the manufacturer.

After reviewing the file, we will grant defendants' motion for summary judgment. As required by Pa.R.C.P. 1035(b), we find that the pleadings and the depositions reveal that there is no genuine issue of material fact. After considering the pleadings and depositions, we conclude that plaintiff has not established causation between the car seat's alleged defects and the plaintiff's injuries. In so doing, we conclude that Mrs. McAlarney's misuse of the car seat was not reasonably foreseeable and was a superseding cause of the accident, thus relieving defendants of liability.

In support of this court's conclusion that there is not the requisite proximate cause needed in a strict liability action between the defects and plaintiff's injuries, we will first discuss proximate causation. Am. Law Prod. Liab. 3d §4:3. Proximate causation is established when something is a substantial contributing factor which brings about the injury or a cause which operates in a continuous sequence, uninterrupted by intervening causes, and results in injuries. Am. Law. Prod. Liab. 3d §4:1. In strict product liability actions proximate cause also involves a determination that the relationship between defendants' wrongful actions or omissions and the harm produced requires that defendant be held

liable on an economic and social basis. *E.J. Stewart Inc. v. Aitken Products Inc.,* 607 F.Supp. 883 (E.D. Pa. 1985), aff'd, 779 F.2d 41 (1985); Am. Law Prod. Liab. 3d §4:2. The facts of this case do not reveal that the car seat's defects were either a substantial factor in, or the proximate cause of, plaintiff's injuries. Am. Law Prod. Liab. 3d §§4:8, 4:9. Even if it appeared that defendants' product was defective or its actions were negligent, we must conclude that Mrs. McAlarney's conduct was a superseding cause relieving defendants of liability. A superseding cause is an intervening act or a new, independent force which occurs between negligent actions and the resulting injuries. In addition, a superseding cause, when viewed together with defendants' negligent conduct, makes it appear highly extraordinary to the court that defendants' conduct could have produced the harm. Am. Law Prod. Liab. 3d §4:9. The court concludes that such an analysis applies to the facts of the instant case.

The facts reveal that Mrs. McAlarney placed her two-year-old child in the car seat and left her unattended while she went into a store. In her deposition, Mrs. McAlarney stated that she had used the car seat for approximately one year. (N.T. 34, 1. 1; N.T. 35, 1. 18-24.)* Mrs. McAlarney also testified that she did not view the car seat as a restraining device and, more importantly, was aware that the child could get out of the car seat. (N.T. 36, 1. 11-7.) Apparently, the child was able to stand and push herself out of the car seat without unfastening the seat belt holding the car seat in place. (N.T. 40, 1. 13-21.) Mrs. McAlarney stated that she did not understand the importance of locking the plastic teeth, which snaps the car seat bar

---

* N.T. refers to the Notes of Testimony taken during the deposition of additional defendant, Rhonda J. McAlarney, on April 23, 1990.

into place. In addition, Mrs. McAlarney stated that she believed she did not properly snap the grooves into place which secures the padded bar in front of the child. (N.T. 41, 1. 1-25.) Despite this knowledge, Mrs. McAlarney left the child in the car seat unattended, without setting the hand brake, even though she left the car's engine running. The child then got out of the car seat and placed the car in forward gear, causing the car to lurch forward into a second car which then hit plaintiff.

Mrs. McAlarney's actions clearly were the substantial factors and proximate cause of plaintiff's injuries. We do not believe that the car seat was a substantial factor or the proximate cause of plaintiff's injuries. Instead, we conclude that Mrs. McAlarney's actions were an unforeseeable, intervening cause which broke the chain of causation between any actions by defendants and plaintiff's injuries. Without Mrs. McAlarney's actions the link between the car seat's alleged defects and the harm are too tenuous to satisfy the proximate cause requirements. See *Mueller v. Jeffrey Mfg. Co.,* 494 F.Supp. 275 (E.D. Pa. 1980). Although the jury ordinarily determines proximate cause, this court may properly rule on the question if the parties do not dispute the critical facts and only their legal effect remains in issue. *Mueller, supra;* Am. Law Prod. Liab. 3d, §4:8. Furthermore, we conclude that the circumstances in this case indicate that, if indeed the product was defective, Mrs. McAlarney had a duty to prevent the harm since she had control over all other factors, which caused the injuries, including parking the car, caring for and watching the child and properly using the car seat. *Id.*

Although we conclude that plaintiff has not shown a design defect on the car seat, we also note that regardless of the design defect and failure to warn, there are situations in which an individual is so

inattentive to her surroundings that an accident is likely to occur. We think that such is the case here. To establish liability for a failure to warn, plaintiff must show that the lack of adequate warnings was the cause in fact and proximate cause of plaintiff's injuries. *Conti v. Ford Motor Co.,* 743 F.2d 195 (1984). Clearly, plaintiff cannot do so in this case. Directions warning Mrs. McAlarney to refrain from leaving the child unattended would have made no difference. Mrs. McAlarney disregarded other directions for use of the car seat. First, the instructions, which came with the car seat, clearly indicate that a lock clip is needed only if the car seat were used in the front seat. The clip was not needed if the car seat was used in the back seat. Despite the directions, Mrs. McAlarney elected to use the car seat in the front seat without the locking clip. See McAlarney deposition, exhibit no. 1. Second, she did not contemplate the danger of leaving her child alone since she expected the child would nap. (N.T. 39, 1. 17-25; N.T. 40, 1. 1-7.) Third, Mrs. McAlarney did not correctly snap the bar into place as indicated by the directions. Plaintiff has indicated that the absence of a lock clip for the car seat is a design defect. We think not. The lock clip, as shown on an exhibit in the file, is a device to be placed over the release button for the seat belt to prevent a child from inadvertently releasing the seat belt. In this case, the seat belt was not released, but rather the child maneuvered out of the seat belt without releasing it. Moreover, the bar on the car seat did not prevent the child's escape since she was able to stand up and push herself out. The failure to have a lock clip therefore had no relationship to the child's escape from the seat. The car seat and the missing clip did not cause plaintiff's injuries. Instead, Mrs. McAlarney's actions constitute a superseding cause.

In *Foley v. Clark Equipment and Co.,* 361 Pa. Super. 599, 523 A.2d 379, alloc. denied, 531 A.2d 780 (1987), the court stated that in a strict products liability cause of action plaintiff must show that the product is defective and such defect was a substantial cause of the injury. In Pennsylvania, courts consider the following factors to determine whether the defective product is a substantial factor in the injury:

" '(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

" '(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

" '(c) lapse of time.' Restatement (Second) of Torts §433." *Foley,* 361 Pa. Super. at 627, 523 A.2d at 393.

To summarize, the following factors substantially causing plaintiff's injuries include: (1) Mrs. McAlarney left the car running; (2) she failed to set the hand brake; (3) she parked the car curbside in front of the store; (4) she left the child unattended; (5) she improperly used the car seat by placing it in the front seat without using a lock clip as specified in the directions, though this had no relevance to the child's getting out of the seat; and (6) she did not lock the bar in place while aware that the child could free herself from the seat. (N.T. 40-2.) Mrs. McAlarney clearly set the series of events into place, which resulted in this accident.

We, therefore, conclude that Mrs. McAlarney's actions were a superseding cause of plaintiff's injuries, relieving the manufacturers of liability. We believe that there is no room for reasonable difference of opinion regarding the foreseeability and

negligence of the additional defendant's intervening actions. Based on the undisputed facts of this case, we conclude that it was unforeseeable that an individual would improperly act in the way we have discussed and that as a result, such injuries to plaintiff could occur. *Kalik v. Allis-Chalmers Corp.,* 658 F.Supp. 631 (W.D. Pa. 1987).

Though this accident is a tragic occurrence for plaintiff, justice would not be served by holding defendants in this action when neither their actions nor their product caused the injuries. Manufacturers cannot be expected to absolutely insure their product when it is misused in an unforeseeable manner and subjected to extraordinary circumstances.

Accordingly, we enter the following

## ORDER

And now, January 9, 1991, the motion for summary judgment filed by defendants, Century Products Inc. and Gerber Products Company, is hereby granted. The prothonotary shall enter judgment in favor of defendants and against plaintiff, Charles S. Crites Jr. The prothonotary is directed to provide notice of this order and opinion as required by law.