Karen M. SWOPE, Administratrix of the Estate of Marian J. Stewart, Jennifer M. Stewart, a minor, and Francis C. Stewart, Jr., a minor, by their parent and natural guardian, Francis C. Stewart, Sr.

v.

STI TRANSIT COMPANY, Van Wyk, Inc., Gene Weldon Rogers, and American Trailers, Inc.

Civ. No. 90–6936.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1992.

---

David L. Narkiewicz, Lansdale, Pa., for plaintiffs.

Mark H. Scoblionka, Allentown, Pa., for STI Transit Co., Van Wyk, Inc., and Gene Weldon Rogers.

Christopher S. Underhill, Lancaster, Pa., for American Trailers, Inc.

Peter A. Lentini, Philadelphia, Pa., for third party defendant Estate of Marian J. Stewart.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This diversity case arises out of an accident that occurred at 6:00 p.m. on November 1, 1988, on Old Bethlehem Pike in Bucks County, Pennsylvania. In the accident, a car driven by Marian J. Stewart collided with a tractor-trailer that, in the process of turning, had extended fully across the northbound lane of traffic. As a result of the collision, Marian Stewart was killed and her two young children, passengers in the car, were injured.

One of the defendants, American Trailers, Inc., manufactured and sold the refrigerated semi-trailer with which Mrs. Stewart's car collided. Plaintiffs claim that American Trailers was negligent in failing to install on the trailer reflectors, lighting, or reflective paint in a manner that would make the trailer conspicuous to motorists approaching it after dark. American Trailers now moves for summary judgment on this claim, arguing that (1) its trailer was in compliance with the applicable federal safety regulations set forth in Federal Motor Vehicle Safety Standards 108 (FMVSS 108), 49 C.F.R. § 571.108 (1990), and (2) a common-law action seeking to impose damages for failure to take additional precautions not mandated by FMVSS 108 is preempted by federal law. For the purposes of this summary judgment motion, it is to be regarded as a given that the trailer manufactured and sold by American Trailers was in compliance with FMVSS 108. American Trailers is therefore entitled to summary judgment if it can establish that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

Plaintiffs also claim that American Trailers is liable for failure to warn users of the trailer of the dangers of operating the trailer at night. American Trailers contends that its duty of care did not include an obligation to warn, and that even if it did breach its duty of care, plaintiffs cannot establish that the breach proximately caused their damages. American Trailers therefore moves for summary judgment on this claim as well. To succeed on this part of its motion, American Trailers must es-

tablish that there is no issue of genuine fact and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

For the reasons given below, I will deny the motion for summary judgment on the issue of preemption and grant the motion for summary judgment on the issue of American Trailers' duty to warn.

## I. Federal Safety Standards

FMVSS 108, which sets standards for lamps and reflectors on motor vehicles, was promulgated pursuant to the National Traffic and Motor Vehicle Safety Act, 15 U.S.C.A. §§ 1381–1431 (West 1982 & Supp. 1991) ("Safety Act"). The purpose of that act, as declared by Congress, is "to reduce traffic accidents and deaths and injuries to persons resulting from traffic accidents." 15 U.S.C.A. § 1381. To that end, Congress authorized the Secretary of Transportation to establish appropriate national motor vehicle safety standards. Congress also provided that those standards would preempt any state standards governing the same aspect of performance. *See* 15 U.S.C.A. § 1392(d) (West Supp.1991). Congress did, however, provide a "savings clause," stating: "Compliance with any Federal motor vehicle safety standard issued under this subchapter does not exempt any person from any liability under common law." 15 U.S.C.A. § 1397(k) (West Supp.1991).

American Trailers contends that, despite the terms of the savings clause, plaintiffs' action, seeking to impose liability for failure to apply reflective tape or reflective paint to the trailer that was involved in the accident, is preempted by the Safety Act.

## II. Preemption

In *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 108 S.Ct. 1145, 99 L.Ed.2d 316 (1988), the Supreme Court recognized three situations in which a law suit based on state law may be held to be preempted by federal law. First, Congress may explicitly preempt state law. Second, preemption may be implied if Congress has enacted legislation so comprehensive that it occupies the entire field in which the state law purports to operate. Third, preemption may be implied if there is an actual conflict between federal and state law. *See id.* 108 S.Ct. at 1150.

My analysis of the preemptive effect of the Safety Act and FMVSS 108 is guided by the Third Circuit's decision in *Pokorny v. Ford Motor Co.*, 902 F.2d 1116 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 147, 112 L.Ed.2d 113 (1990). In that case, the court concluded that the Safety Act did not explicitly preempt state common law actions. While the court recognized that section 1392(d) precludes states from establishing safety standards different from the federal standards, it noted that section 1392(d) did not specifically mention common-law liability, unlike other preemption statutes in which Congress plainly intended to preempt common law actions.[1] *See id.* at 1121. The court also emphasized that, according to the terms of the savings clause, section 1397(k),[2] compliance with a federal safety standard would not exempt a defendant from common-law liability. *See id.* The court likewise concluded that the Safety Act did not occupy the entire field of motor vehicle safety, and thus did not impliedly preempt common law action. *See id.* at 1122 n. 7.

■ Thus, under *Pokorny*, the Safety Act does not preempt a common law action unless the common law action presents an actual, direct conflict with the statutory scheme. American Trailers argues that

---

**1.** Section 1392(d) provides, in relevant part:
Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item of equipment which is not identical to the Federal standard. Nothing in this section shall be construed as preventing any State from enforcing any safety standard which is identical to a Federal safety standard....
15 U.S.C. § 1392(d) (1988).

**2.** Section 1397(k) provides:
Compliance with any Federal motor vehicle safety standard issued under this subchapter does not exempt any person from any liability under common law.
15 U.S.C.A. § 1397(k) (West Supp.1991).

plaintiffs' action creates just such a conflict. It first argues that imposing liability for failure to use reflective materials in addition to those required by FMVSS 108 would violate S5.1.3, which states: "No additional lamp, reflective device or other motor vehicle equipment shall be installed that impairs the effectiveness of lighting equipment required by this standard." According to American Trailers, the addition of reflective tape or reflective paint in addition to the materials required by the regulations would by definition impair the effectiveness of the required equipment, because an eye drawn to the additional materials would necessarily be distracted from the required equipment.

This argument fails on two levels. First, by reading the regulation to ban any additional reflective equipment that would attract the eye, it would read as mere surplusage the final eleven words of S5.1.3, which purport to ban only those materials or equipment that would render the required equipment less effective. Had the Department of Transportation intended to ban the application or use of all additional reflective materials or equipment, it could have done so in a far more straightforward manner than S5.1.3. Second, the argument fails to give adequate consideration to the purpose of the regulatory standard, which is

> to reduce traffic accidents and deaths and injuries resulting from traffic accidents, by providing adequate illumination

of the roadway, and by enhancing the conspicuity of motor vehicles on the public roads *so that their presence is perceived* and their signals understood, both in daylight and in darkness or other conditions of reduced visibility.

49 C.F.R. § 571.108 S.2 (1990). It is by no means self-evident that materials or equipment other than those required by the standard would simultaneously fail to improve the conspicuity of the vehicles carrying them and reduce the ability of observers to understand those vehicles' signals. Indeed, plaintiffs have submitted the affidavit of an accident reconstruction expert who states that the trailer involved in this case could have been equipped with additional reflective materials that would have increased the trailer's conspicuity without violating S5.1.3.[3] Whether additional materials could have made the trailer more conspicuous without lessening the effectiveness of required equipment is an issue of fact that must be resolved by the factfinder at trial. American Trailers has failed to show that, as a matter of law, plaintiffs' action creates a direct conflict with S5.1.3.

■ American Trailers next argues that a common law action for failure to use reflective tape is preempted under the rationale of *Pokorny*. In *Pokorny*, the court held that common law action for failure to install an air bag was preempted by FMVSS 208, which permitted but did not require air bags as a form of passenger restraint. The court's rationale was that,

---

**3.** American Trailers has moved to strike this affidavit from the summary judgment record. It argues that the affidavit is not based on personal knowledge and sets forth nothing but opinion, and therefore fails to comply with the terms of Rule 56(e). The Third Circuit has written that "where ... affidavits are submitted to oppose the grant of summary judgment, [expert] opinion evidence is appropriately considered to support the existence of a disputed issue of fact." *Paton v. La Prade*, 524 F.2d 862, 871 (3d Cir.1975). The determination of whether additional reflective materials could be applied to a trailer that would make it more conspicuous without reducing the effectiveness of required equipment is a question of fact to which the affidavit is appropriately directed. American Trailers also attacks the filing of the affidavit as untimely and improper because plaintiffs did not seek leave of the court. Nothing in Rule 56 requires a party to seek the permission of the court to file an affidavit. Moreover, plaintiffs' affidavit was clearly timely under Rule 56(c), which states: "The adverse party prior to the day of hearing may serve opposing affidavits." In the case cited by defendants for the proposition that the affidavit was not timely filed, plaintiffs attempted to submit an affidavit after the court had already denied defendant's motion for summary judgment, and while defendant's motion for reconsideration was pending. *See Bernhardt v. Richardson–Merrell, Inc.*, 723 F.Supp. 1188, 1190–91 (N.D.Miss.1988), *aff'd* 892 F.2d 440 (5th Cir. 1990). Because no decision had been rendered on American Trailers' motion when plaintiffs submitted their affidavit, *Bernhardt* is readily distinguishable. I will therefore deny American Trailers' motion to strike the affidavit.

by allowing motor vehicle manufacturers to select among various restraint systems, including air bags, automatic seat belts, and manual seat belts, Congress and the Department of Transportation had intended to preserve for manufacturers a degree of flexibility and choice. That choice, the court believed, would be undermined by a common law action that sought to impose liability for failure to adopt one of the options presented in the regulations. *See Pokorny,* 902 F.2d at 1123–24. In a like vein, American Trailers argues that imposition of common law liability for failure to install reflective tape, which is permitted but not required by FMVSS 108, would frustrate the regulatory scheme.

American Trailers' position is superficially appealing. A comparison of the regulatory schemes established by FMVSS 108 and FMVSS 208, however, suggests that the *Pokorny* rationale does not bar an action for failure to install reflective tape in the present case. The *Pokorny* court did not merely note the existence of flexibility in the scheme contemplated by FMVSS 208; rather, it concluded that flexibility and choice were "an essential element" of that scheme. *Id.* at 1124. In contrast, while FMVSS 108 allows manufacturers to apply reflective sheeting or tape for side reflex reflectors, the regulations require that those materials conform to the same performance standards as other materials.[4] This degree of "choice" hardly rises to the level of design flexibility present in a selection between air bags, automatic seat belts, and manual seat belts with audible warning signals. *See Dreas v. Trent,* No. 90–0749, slip opinion at 7 (E.D.Pa. July 2, 1991). Because the regulations at issue in this case do not contemplate a flexible scheme that would be undermined by the imposition of common law liability, *Pokorny* does not bar the relief that plaintiffs seek for American Trailers' failure to apply reflective tape.[5]

Finally, American Trailers argues that allowing a tort judgment in this case would be the equivalent of state regulation, and would thus frustrate the goal of the Safety Act to establish uniform national standards. This argument was addressed in *Pokorny.* There, the court emphasized that safety, not uniformity, was the primary goal of the Safety Act. *See Pokorny,* 902 F.2d at 1122. The court declined to treat common law liability as a form of regulation:

> Although we recognize that common law damages may have an effect on automobile manufacturers similar to other safety standards established by states through statutory or regulatory processes, common law liability and state regulation have important differences. Ford's hypothesis about the economic effect of common law liability is a question more properly addressed to Congress than to the court.

*Id.* at 1121 (citations omitted). American Trailers relies on a case from the Southern District of Georgia, in which the court concluded that allowing a common law action for failure to use reflective tape would amount to state regulation in conflict with federal standards. *See Crowe v. Fleming,* 749 F.Supp. 1135, 1140–41 (S.D.Ga.1990). To the extent that the analysis in *Crowe* is contrary to that of the Court of Appeals for this Circuit in *Pokorny,* I may not rely on *Crowe.*

---

**4.** The regulations provide:
Reflective material conforming to Federal Specification L–S–300, *Sheeting and Tape, Reflective; Non-exposed Lens, Adhesive Backing,* September 7, 1965, may be used for side reflex reflectors if this material as used on the vehicle, meets the performance standards in either Table I or Table IA of SAE Standard J594f, *Reflex Reflectors,* January 1977.
49 C.F.R. § 571.108 S5.1.1.4 (1990).

**5.** It also should be noted that *Pokorny* does not bar a common law action for failure to apply reflective paint. The *Pokorny* court specifically allowed a common law action for failure to install protective window netting, holding that because FMVSS 208 did not permit or forbid such a restraint, imposition of liability would not undermine the regulatory scheme. *See Pokorny,* 902 F.2d at 1126. Likewise, in the present scheme, application of reflective paint, which is not mentioned in FMVSS 108, would not undermine the regulatory scheme unless its application could be shown to conflict with the purposes of FMVSS 108. On the present record, American Trailers has failed to establish that such a conflict exists.

American Trailers' motion for summary judgment on the basis of federal preemption of plaintiffs' common law action must be denied.

### III.   Failure to Warn

■ Plaintiffs also seek to impose liability on American Trailers for failure to warn the purchasers and users of its product of the dangers of pulling a semi-trailer, particularly at night, when the trailer in question only meets the minimum standards of FMVSS 108. American Trailers argues that no duty to warn existed, and that even if there was a duty to warn, plaintiffs will be unable to prove any set of facts that would establish that breach of that duty was the proximate cause of the accident. In their memorandum of law opposing American Trailers' motion, plaintiffs do not challenge either argument, and both arguments appear well founded.

Under applicable law, a manufacturer of a product known to be dangerous for its intended use has no duty to warn users unless the manufacturer "has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition." Restatement (Second) of Torts § 388(b). Operation of a semi-trailer, during daytime or at night, is plainly a hazardous activity, and the particular hazards associated with operating a large trailer at night, even if the trailer conforms with the requirements of FMVSS 108, should be readily apparent. *Cf. Verna v. U.S. Suzuki Motor Corp.*, 713 F.Supp. 823, 828 (E.D.Pa.1989) (hazards of operating a motorcycle in an intersection during daylight hours are apparent; therefore, manufacturer did not breach its duty of care by failing to warn of the hazards), *aff'd*, 898 F.2d 143 (3d Cir.1990).

[4] Moreover, the facts as presented by the parties on this motion fail to suggest any basis for a reasonable factfinder to conclude that, had American Trailers issued a warning, that warning would have averted the accident. Rule 56(e) requires that once a party has made and supported a motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." At trial, plaintiffs would be required to present sufficient evidence "to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident." *Conti v. Ford Motor Co.*, 743 F.2d 195, 198 (3d Cir.1984). In other words, plaintiffs would have to present facts from which a reasonable factfinder could infer that, had American Trailers issued a warning on the hazards of operating a tractor-trailer at night, that warning would have reached the driver of the truck with which Mrs. Stewart collided, and that the driver, responding to that warning, would not have driven in a manner that caused his trailer to extend across two lanes of traffic. Plaintiffs allege no such facts in their complaint, and they present no such facts, by affidavit or otherwise, in response to American Trailers' motion for summary judgment. Plaintiffs have thus failed to make even the threshold showing necessary to establish that there is a genuine issue of fact on the issue of causation for trial.

### IV.   Conclusion

The motion of American Trailers for summary judgment on the basis of federal preemption of state law will be denied. American Trailers' motion to strike the affidavit of plaintiffs' expert will also be denied. However, summary judgment will be entered in American Trailers' favor on that part of plaintiff's claim that seeks to impose liability for failure to warn.

### ORDER

Upon consideration of the motion of defendant American Trailers' motion for summary judgment and the motion of defendant American Trailers to strike the affidavit of plaintiffs' expert, for the reasons given in the accompanying memorandum, it is hereby ORDERED and DIRECTED that:

1. American Trailers' motion for summary judgment, based on the argument that plaintiffs' claim is preempted by federal law, is DENIED;

2. American Trailers' motion for summary judgment on plaintiffs' claim that

American Trailers, by failing to warn users of the hazards of operating its equipment, breached its duty of care and thus proximately caused plaintiffs' damages, is GRANTED; and

3. American Trailers' motion to strike the affidavit of plaintiffs' expert is DENIED.