Argued and submitted July 13, reversed and remanded September 6, 1995, petition for review denied January 23, 1996 (322 Or 490)

Jeffrey WOHL,
Guardian ad Litem for Kayla Wohl,
*Appellant,*

*v.*

SPALDING AND EVENFLO CO.'S, INC.,
a foreign corporation,
Evenflo Corp.,
dba Evenflo Juvenile Furniture Company, Inc.,
and J. C. Penney, Inc.,
a foreign corporation,
*Respondents.*

SPALDING & EVENFLO COMPANIES, INC.,
a Delaware corporation,
Evenflo Juvenile Furniture Company,
a Delaware corporation,
J. C. Penney, Inc.,
a Delaware corporation,
*Third-Party Plaintiffs,*

*v.*

Susan Ann WOHL,
*Third-Party Defendant.*

(9302-00720; CA A83807)

901 P2d 929

Kathryn H. Clarke argued the cause for appellant. With her on the briefs were Maureen Leonard and Mark R. Bocci.

I. Franklin Hunsaker argued the cause for respondents. On the brief were Lisa E. Lear, Ronald E. Bailey, Ronald J. Clark and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff Jeffrey Wohl, as the guardian ad litem of his daughter, Kayla, appeals from a summary judgment dismissing negligence and product liability claims against defendants, who manufactured, distributed, and sold an allegedly defective child restraint seat. The trial court concluded that those claims were preempted by the National Highway Traffic Safety Act (the Safety Act), 15 USC § 1381 *et seq*, and related standards, 49 CFR § 571.213. We reverse and remand.

Plaintiff's complaint alleged that Kayla, an infant, suffered serious head injuries when the car in which she was riding was involved in an accident, causing her head to strike the hard plastic side of her car seat. The complaint further alleged that the car seat was negligently designed and unsafe for its intended purpose because its sides were inadequately padded.

Defendants moved for summary judgment, arguing that plaintiff's claims were both expressly and impliedly preempted by the Safety Act. In particular, defendants asserted that plaintiff's claims, if successful, would establish a safety standard applicable to child car seats that is "not identical" to federal standard for car seats described at 49 CFR § 571.213,[1] and, consequently, those claims are expressly preempted by 15 USC § 1392(d). That statute provides:

"Whenever a Federal motor vehicle safety standard established under this subchapter is in effect, no State or

---

[1] The Safety Act directs the Secretary of Transportation to develop mandatory federal motor vehicle safety standards to protect the public "against unreasonable risk of accidents occurring as a result of the design, construction or performance of motor vehicles" and against "unreasonable risk of death or injury to persons in the event accidents do occur." 15 USC § 1391(1). Pursuant to that mandate, the National Highway Traffic Safety Administration developed Safety Standard 213, governing the labeling, design, construction, and performance of child restraint systems. That standard is set out at 49 CFR § 571.213. Standard 213 includes a head impact protection requirement, which specifies that any surface that is contactable by a dummy head when the seat is subjected to a particular *frontal* impact test is to be covered with a slow recovery, energy absorbing material. 49 CFR § 571.213, S.5.2.3.

Plaintiff concedes that defendants' product does not violate Standard 213. However, plaintiff alleges that the car seat was defective because it did not include energy absorbing covering on the seat's *side* surfaces in addition to those that are contactable during frontal impact tests.

political subdivision of a State shall have any authority either to establish, or to continue in effect, with respect to any motor vehicle or item of motor vehicle equipment any safety standard applicable to the same aspect of performance of such vehicle or item or equipment which is not identical to the Federal standard."

Defendants also argued that the Safety Act impliedly preempts plaintiff's claims because a successful suit based on such claims would impede Congress' purposes and objectives in enacting the Act. The trial court agreed that plaintiff's claims were preempted and granted summary judgment.

On appeal, plaintiff argues that the Safety Act does not preempt state common law tort claims. He invokes, particularly, the Act's so-called "savings clause," which provides:

"Compliance with any Federal motor vehicle safety standard issued under this title does not exempt any person from any liability under common law." 15 USC § 1397(k).

Although the parties dispute the effect of the savings clause, and marshal massive authority from other jurisdictions supporting their positions,[2] plaintiff argues that *McMullen v. Volkswagen of America*, 274 Or 83, 545 P2d 117 (1976), is controlling and compels reversal. We agree.

In *McMullen*, the plaintiffs, who were injured in an auto accident, sued the automobile's manufacturer and distributor on negligence and product liability theories. They asserted, in particular, that the automobile was defectively and negligently designed in that it contained certain features

---

[2] *Compare, e.g., Buzzard v. Roadrunner Trucking, Inc.*, 966 F2d 777 (3d Cir 1992) (common law negligence and product liability claims are not preempted by the Safety Act); *Perry v. Mercedes Benz of North America, Inc.*, 957 F2d 1257 (5th Cir 1992) (same); *Swope v. STI Transit Co.*, 796 F Supp 160 (ED Pa 1992) (same); *Jordan v. Paccar, Inc.*, 792 F Supp 545 (ND Ohio 1992) (same); *Garrett v. Ford Motor Co.*, 684 F Supp 407 (D Md 1987) (same); *Gingold v. McCloskey*, 389 Pa Super 328, 567 A2d 312 (1989) (same); *Welsh v. Century Products*, 745 F Supp 313 (D Md 1990) (common law negligence and product liability claims involving allegedly defective infant car seat were not preempted) *with Wood v. General Motors Corp.*, 865 F2d 395 (1st Cir 1988), *cert den* 494 US 1065 (1990) (common law negligence and product liability claims are preempted despite savings clause); *Cox v. Baltimore Co.*, 646 F Supp 761 (D Md 1986) (same); *Miranda v. Fridman*, 276 NJ Super 20, 647 A2d 167, *cert den* 138 NJ 271 (1994) (same) *with Freightliner Corporation v. Myrick*, ____ US ____, 115 S Ct 1483, 1487 n 3, 131 L Ed 2d 385 (1995) (expressly declining to reach issue).

that enhanced injuries sustained in a collision. The defendants demurred, arguing, *inter alia*, that the federal government's extensive involvement in promulgating and enforcing automobile crash protection standards suggested a federal preemption of common law liability in the area of crashworthiness design. The trial court sustained the demurrers.

Citing the savings clause and its legislative history,[3] the Supreme Court reversed:

> "There is nothing in the legislative history or in the text of either the federal or state product safety legislation indicating an intention to pre-empt the fixing of such standards. The federal statutes expressly provide that compliance with the standards fixed by the federal agency does not relieve a person from liability under common law." 274 Or at 88.

Notwithstanding that unambiguous conclusion, defendants assert that *McMullen* is not dispositive because the court did not refer to 15 USC § 1392(d), "which indicates that the [c]ourt did not have to evaluate the effect of any existing federal standard" and, consequently, "did not analyze how a state-tort claim might interfere with the purposes and objectives of the Safety Act itself."

We disagree. Although *McMullen* does not explicitly address section 1392(d), that provision existed in its present form at the time *McMullen* was decided and, given the juxtaposition of that provision and the savings clause in the statutory scheme and the breadth of *McMullen's* holding, that holding necessarily implicated section 1392(d). Moreover, from our review of the pleadings and briefs in *McMullen*, it appears that the plaintiff's claims in that case did, in fact, implicate then-existing federal safety standards. Thus, defendants' purported distinctions are unpersuasive.

---

[3] In *McMullen*, the court quoted the following excerpts from the Safety Act's legislative history:

" 'It is intended, and this subsection specifically establishes, that compliance with safety standards is not to be a defense or otherwise to affect the rights of parties under common law, particularly those relating to warranty, contract, and tort liability.' H.R. Rep. No. 1776, 89th Cong., 2d Sess. 24 (1966).

" 'Federal minimum safety standards need not be interpreted as restricting State common law standards of care. Compliance with such standards would thus not necessarily shield any person from product liability at common law.' S. Rep. No. 1301, 89th Cong., 2d Sess 12 (1966)." 274 Or at 88-89 n 5.

*McMullen* controls and is fully dispositive. Accordingly, plaintiff's claims are not preempted.

Reversed and remanded.